## TRAPP v. BALTIMORE & O. R. CO.

(District Court, N. D. Ohio, E. D.    September 27, 1922.)

### No. 11507.

1. **Courts**  &#9758;270—**Generally suit on cause arising under federal statute must be brought in district of defendant's residence.**

Under Judicial Code, § 51 (Comp. St. § 1033), when jurisdiction of a federal court is invoked, not alone on the ground of diversity of citizenship, but on an additional ground, such as that the cause arose under a law of the United States, the action must be brought in the district of which defendant is an inhabitant.

2. **Courts**  &#9758;274—**Action under Employers' Liability Act may be brought in any district in which defendant operates its road.**

Under Employers' Liability Act April 22, 1908, § 6, as amended by Act April 5, 1910, § 1 (Comp. St. § 8662), providing that an action for injury to an employé may be brought in a federal court in a district "in which the defendant shall be doing business at the time of commencing such action," such action may be brought in any district in which defendant company is operating its road.

3. **Courts**  &#9758;268—**Federal jurisdiction of action under Employers' Liability Act not ousted by lack of jurisdiction in state court.**

The jurisdiction of a federal court of an action for injury to an employé under Employers' Liability Act, April 22, 1908, § 6, as amended by Act April 5, 1910, § 1 (Comp. St. § 8662) is not dependent on the existence of state courts within the district which have concurrent jurisdiction.

At Law. Action by Adam Trapp against the Baltimore & Ohio Railroad Company. On motion by defendant to dismiss for want of jurisdiction. Denied.

Payer, Winch, Minshall & Karch, of Cleveland, Ohio, for plaintiff.

Tolles, Hogsett, Ginn & Morley, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. Plaintiff is a citizen and resident of the state of Indiana. The defendant is a railway corporation organized and existing under the laws of the state of Maryland, and a citizen and inhabitant of that state. Plaintiff, while employed by defendant, sustained injuries at the city of Garrett, Ind., for which he brings this action to recover damages. Defendant maintains and operates a system of intra and inter state steam railroads, a part of which is in this district. Defendant appears specially and moves to dismiss for want of jurisdiction.

Plaintiff's first cause of action does not arise under the federal Employers' Liability Act (Comp. St. §§ 8657–8665). As to it, this court would not have jurisdiction. The second cause of action purports to be based on the federal Employers' Liability Act. Whether or not the facts alleged constitute such an action is not presented on this motion, and no opinion thereon is expressed. Defendant assumes that the cause of action arises under the federal Employers' Liability Act, and this motion will be disposed of on that assumption.

[1] Under section 51, Judicial Code (Comp. St. § 1033), when the jurisdiction of the United States District Court is invoked in an action not local in its nature, on the ground alone of diversity of citizen-

ship, it must be brought in the district of the residence of either the plaintiff or the defendant. If jurisdiction is invoked, not alone on the ground of diversity of citizenship, but upon an additional ground, such as the cause arose under a law of the United States, then the action must be brought in the district of which the defendant is an inhabitant. It is not sufficient that the plaintiff may reside in or be an inhabitant of the district in which the suit is brought; or that the defendant may be found or can be served in that district; but the action must be brought in the district of which the defendant is an inhabitant. Further, if the defendant is a corporation, then, within the meaning of section 51, it resides in and is an inhabitant of that state or district only under the laws of which it has been created and where is established its principal office and place of business. See McCormick v. Walthers, 134 U. S. 41, 43, 10 Sup. Ct. 485, 33 L. Ed. 833; Shaw v. Quincy Mining Co., 145 U. S. 445, 12 Sup. Ct. 935, 36 L. Ed. 768; Southern Pacific Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; Galveston, etc., R. R. Co. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248. Compare Keating v. Pennsylvania Co. (D. C.) 245 Fed. 155; Camp v. Gress, 250 U. S. 308, 39 Sup. Ct. 478, 63 L. Ed. 997.

[2] Upon the assumption, however, that plaintiff's cause of action arises under the federal Employers' Liability Act, the jurisdiction of this court depends upon the construction proper to be given to section 6 of the 1910 amendment to that act (Comp. St. § 8662). That section is as follows:

"Under this act an action may be brought in a Circuit Court of the United States in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this Act shall be concurrent with that of the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

By this amendment, an action arising under that act may be brought in any one of four places: (1) In the district of the residence of the defendant; (2) in the district in which the cause of action arose; (3) in the district in which the defendant shall be doing business at the time of commencing such action; (4) in any state court which by the laws of the state has cognizance of the cause of action and may acquire jurisdiction of the parties. The language of the first sentence of the amendment is clear and explicit. It confers upon an injured employee the privilege of bringing his action in any one of three districts of the United States. The privilege thus conferred is not controlled by nor dependent upon the jurisdiction conferred by a state upon its local courts.

Defendant, in arguing its motion, assumes that plaintiff's petition alleges that defendant was doing business in the Northern district of Ohio at the time this action was commenced. This being true, then by the express terms of the law plaintiff may bring his action in this district. The fact that he might also have brought it where the cause of action arose (that is, in Indiana), or in the district of the defendant's residence (that is, the state of Maryland), does not deprive him of his

right to select also this district, where the defendant is doing business at the time of commencing such action. That this may overburden the calendar of this court with actions arising outside of the district, and that much inconvenience may arise from permitting an action to be brought here, when the plaintiff and all the witnesses on both sides may reside in Maryland or Indiana, are considerations merely of convenience, and can be given controlling weight by Congress alone, which has power to make or amend the law. This ruling is in accord with the opinion of District Judge Mayer in Connelly v. Central R. Co. of N. J., 238 Fed. 933, in which opinion I fully concur.

[3] Defendant's argument appears to be that this court cannot take jurisdiction unless the state courts of this district had concurrent jurisdiction, and since, by a recent amendment to section 11273, G. C. of Ohio, the concurrent jurisdiction formerly exercised by the state courts is taken away, then plaintiff's right to resort to this court likewise no longer exists. This contention, in my opinion, is not tenable. Neither section 6 as a whole, nor the last sentence thereof, permits of any such construction.

The purposes of the 1910 amendment are clearly set forth in the Senate Judiciary Committee's report recommending its enactment. An examination thereof will disclose its purposes to a lawyer familiar with the existing law, particularly the purpose of the last sentence. As appears from the authorities already cited, an injured employee basing his right of action upon the federal Employers' Liability Act of 1908, even if diversity of citizenship existed, could have brought his action only in the district of which the defendant was an inhabitant. Consequently Congress intended an enlargement of the provisions of section 51, Judicial Code, so as to permit the suit to be brought in any one of the four places provided by the amendment.

The provisions of the last sentence of the amendment were not intended to limit the provisions of the first sentence, but were added for another and different purpose. It had been held by the Supreme Court of Errors of Connecticut, in Hoxie v. N. Y., N. H. & H. R. Co. 82 Conn. 352, 73 Atl. 754, 17 Ann. Cas. 324, that, inasmuch as Congress had by legislation assumed the control of the subject-matter of injuries to employees of interstate carriers while engaged in interstate commerce, no state court could take jurisdiction when such an employee's action was thus governed by the federal Employers' Liability Act. This holding was undoubtedly wrong, as is forcibly pointed out in the report and as is shown by overwhelming authority. It was thought well, however, to remove any possible doubt by providing that state courts should have concurrent jurisdiction with the United States courts, thus declaring by statute the true rule as already declared by numerous decisions other than the Hoxie Case.

In addition thereto, section 28, Judicial Code (Comp. St. § 1010), permitted the removal by the defendant to the United States courts of any cause of action arising under any law of the United States. An action, therefore, brought by the injured employee, would have been removable. It was deemed advisable to add the last clause of the second sentence of the amendment to deprive the defendant of that privilege of removal. The purpose of said last sentence was to accomplish

283 F.—42

these results and none other. The language employed is aptly chosen to accomplish them, and does not admit of a construction which would accomplish anything more.

Defendant's motion will be overruled. An exception may be noted.