### NORRIS v. ILLINOIS CENT. R. CO.

District Court, D. Minnesota, Third Division. May 26, 1925.

Courts ⟷289—Federal court had jurisdiction of action under federal Employers' Liability Act in district where carrier does business (Comp. St. §§ 8657–8665).

Federal court *held* to have jurisdiction of action under the federal Employers' Liability Act (Comp. St. §§ 8657–8665), brought in district where carrier does business and maintained agent on whom service was properly made.

At Law. Action by Benjamin F. Norris against the Illinois Central Railroad Company. On defendant's motion to set aside attempted service of summons. Motion denied.

Davis & Michel, of Minneapolis, Minn., for plaintiff.

Brown & Guesmer, of Minneapolis, Minn., and Helsell & Helsell, of Ft. Dodge, Iowa, for defendant.

JOHN B. SANBORN, District Judge. The questions presented by the motion of the defendant have already been settled. The federal Employers' Liability Act (Comp. St. §§ 8657–8665) permits the plaintiff to bring an action in any district where the carrier does business.

The defendant here asks that the court construe that authority as though the act provided that such action might be commenced in such a district, provided that it did not impose an unreasonable burden upon interstate commerce. In other words, it asks that the court inject something into the act which it does not contain. In the case of State ex rel. v. District Court, 156 Minn. 380, 194 N. W. 780, the court said:

"It is the commerce clause which authorizes the legislation finding expression in the Employers' Liability Act. This act provides that actions may be brought in the federal court in a district where the carrier does business, and that state courts shall have concurrent jurisdiction. The question is a federal one."

In the case of Schendel v. McGee (C. C. A.) 300 F. 278, Judge Kenyon says:

"Congress has not given to the courts the right to exercise discretion as to whether the case shall be prosecuted, or such prosecutions refused, because the same may be a burden on commerce. It has given the right under the federal Employers' Liability Act, hereinbefore discussed, to an injured party, or in case of his death to the duly constituted representative, to maintain an action for damages in the courts of the district where the defendant is doing business at the time the suit is commenced. We are not concerned with the justice or the wisdom of such legislation. It being the law, it is a court's duty, where there is jurisdiction, to take and retain that jurisdiction and try the case. The Supreme Court of the United States in the Second Employers' Liability Cases, 223 U. S. 1, 58, 32 S. Ct. 169, 178, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44, says: "The existence of the jurisdiction creates an implication of duty to exercise it, and that its exercise may be onerous does not militate against that implication."

The Illinois Central Railway Company, at the time of the commencement of this action, was doing business in this state. It had an agent upon whom service was properly made. That gave this court jurisdiction.