## JOHN HOVEL v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY AND ANOTHER.[1]

January 8, 1926.

No. 25,011.

**Minnesota courts will not decline jurisdiction of transitory action by nonresident merely because of foreign statute.**

1. The courts of this state will not decline to entertain an action of a transitory nature, brought by a citizen of another state against a railroad company subject to the service of process in that state, merely because a statute of the foreign state prohibits the solicitation of the business of prosecuting such an action without the state.

[1]Reported in 206 N. W. 710.

**Attorney, who investigated details of accident, disqualified from bringing action against his employer.**

    2. An attorney employed by a railroad company as a claim adjuster, who investigated the circumstances of an accident and reported the facts to the company, is disqualified, after he severs his relations with the company, from bringing an action against the company in behalf of the person injured. The prosecution of the action should be stayed until another attorney is employed and the first attorney should not be permitted to take any part in the trial.

    Attorney and Client, 6 C. J. p. 590 n. 63; p. 591 n. 64; p. 619 n. 45; p. 620 n. 47.

    Courts, 15 C. J. p. 779 n. 56 New.

    See note in L. R. A. 1916D, 688.

Action in the district court for Ramsey county to recover for personal injuries. Defendant receiver appealed from an order, McNally, J., granting plaintiff's motion to strike out certain portions of the answer. Affirmed.

*M. M. Joyce* and *C. W. Wright,* for appellant.

*William J. Horrigan* and *John E. Coffey,* for respondent.

LEES, C.

This is an action for damages for personal injuries sustained at a public crossing over the tracks of the Minneapolis & St. Louis Railroad Company in Mason City, Iowa.

At all the times hereafter mentioned the railroad was operated by W. H. Bremner, as receiver appointed by the United States district court for the district of Minnesota.

The complaint charges negligence in the movement of a string of cars over the crossing, which resulted in a collision with an automobile which plaintiff was driving. The answer denied defendant's negligence and charged plaintiff with contributory negligence. As a special defense, it was alleged that an Iowa statute, in force at the time of the accident and ever since, declared that it should be unlawful for any person to solicit the business of prosecuting, outside the state, any claim for damages for personal injuries sustained

in the state, where the right of action rests in a resident of Iowa and is against a defendant subject to personal service therein. It was also alleged that J. E. Coffey, an attorney at law, solicited the business of collecting plaintiff's claim and brought this action in the district court of Ramsey county in violation of the statute, the plaintiff being at all times a resident of Iowa, and the railroad company being subject to personal service in that state. It was further alleged that when the accident happened Coffey was employed by the railroad company as an adjuster of claims; that, in the performance of his duties, he investigated the circumstances attending the accident and made a report to the company and that subsequently he left the service of the company and brought this action in plaintiff's behalf. A motion to strike these allegations from the answer was granted, and this appeal followed.

But two points are presented for our consideration.

The supreme court of Iowa has said of the statute that it is an authoritative declaration of the public policy of the state and that the courts of that state should restrain the prosecution of any action solicited and brought with intent to evade the statute. Wabash Ry. Co. v. Peterson, 187 Iowa, 1331, 175 N. W. 523; In re Spoo's Estate, 191 Iowa, 1134, 183 N. W. 580. It is therefore urged that our courts should decline to try this action, thereby giving effect to the public policy of a sister state.

In Payne v. Knapp (Iowa), 195 N. W. 1, this was said of the statute:

"What it does provide is a prohibition of the practice of 'ambulance chasing'—the soliciting of such business or employment for the purpose of instituting suit thereon outside of the state to recover damages for personal injuries sustained within the state."

But it was held that the statute neither enlarged nor restricted the jurisdiction of the courts, whether domestic or foreign, and that a transitory action may be brought or maintained in any court, foreign or domestic, having jurisdiction of the person and subject matter, subject only to control by injunction in a clear case of the abuse of the right.

On three occasions we have recently held that judicial comity does not require our courts to refuse to entertain an action of a transitory nature, brought by a citizen of another state upon a cause of action which arose in the latter state, because plaintiff was enjoined in the state of his domicile from bringing suit in any other state. State v. District Court, 140 Minn. 494, 168 N. W. 589, 7 A. L. R. 145; U. P. R. Co. v. Rule, 155 Minn. 302, 193 N. W. 161; Frye v. C. R. I. & P. Ry. Co. 157 Minn. 52, 195 N. W. 629.

An act of the legislature of a foreign state cannot command a higher degree of consideration than the final judgment of a court of competent jurisdiction sitting in that state. Indeed it would seem that, in the observance of principles of judicial comity, the judgments of the courts of a sister state should be more respected than a statute which can have no extra-territorial effect. We conclude, therefore, that the Iowa statute does not stand in the way of the prosecution of this action and cannot be made the basis of what in effect is a plea in abatement.

Under the circumstances set forth in the answer, there can be no doubt about the impropriety of permitting Mr. Coffey to prosecute this action. An attorney, no matter in what capacity he has acted, should never take a case against one who employed him to investigate and report the facts in the particular case. By making such an investigation the attorney gains information which should be imparted only to the person by whom he was then employed. To make use of the information for the benefit of his employer's adversary is manifestly improper. The impropriety is none the less because the employment has been terminated. Peirce v. Palmer, 31 R. I. 432, 77 Atl. 201, Ann. Cas. 1921B, 181, and note p. 212; Bowman v. Bowman, 153 Ind. 498, 55 N. E. 422; 6 C. J. 590; 2 R. C. L. p. 974. The facts set forth in the answer, if not contradicted or explained, would justify the court, on proper application, in staying the further prosecution of the action until the plaintiff is represented by another attorney and in refusing to permit Mr. Coffey to take any part in the prosecution or trial of the case.

However, defendant cannot raise the point by answer. It must be raised by motion, for it is plain that the improper conduct of plaintiff's attorney cannot be made the basis of a defense on the merits or of a plea in abatement.

Order affirmed.