## DOUGLAS *v.* NEW YORK, NEW HAVEN & HART-FORD RAILROAD COMPANY.

No. 312.   Argued January 16, 1929.   Reargued April 15, 16, 1929.—
Decided May 13, 1929.

*Messrs. Thomas J. O'Neill* and *Charles D. Lewis,* with whom *Messrs. John Ambrose Goodwin, Leonard. F. Fish,* and *L. Daniel Danziger* were on the brief, for petitioner.

*Mr. Edward R. Brumley,* with whom *Messrs. John M. Gibbons, Frederick J. Rock,* and *J. Howland Gardner, Jr.,* were on the brief, for respondent.

Mr. Justice Holmes delivered the opinion of the Court.

This is a suit under the Employers' Liability Act for personal injuries. The injuries were inflicted in Connecticut, the plaintiff, the petitioner, is a citizen and resident of Connecticut, and the defendant, the respondent, is a Connecticut corporation, although doing business in New York where the suit was brought. Upon motion the trial Court dismissed the action, assuming that the statutes of the State gave it a discretion in the matter, and its action was affirmed by the Appellate Division, 223 App. Div. 782, and by the Court of Appeals, 248 N. Y. 580. Thus it is established that the statute purports to give to the Court the power that it exercised. But the plaintiff says that the Act as construed is void under Article IV, Section 2, of the Constitution of the United States: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." A subordinate argument is added that the jurisdiction is imposed by the Employers' Liability Act when as here the Court has authority to entertain the suit. C., Title 45, § 56. Acts of April 22, 1908, c. 149, § 6, 35 Stat. 66, April 5, 1910, c. 143, § 1, 36 Stat. 291. That section gives concurrent jurisdiction to the Courts of the United States and the States and forbids removal if the suit is brought in a State court.

The language of the New York statute, Laws of 1913, c. 60, amending § 1780 of the Code of Civil Procedure is: "An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only; . . . 4. When a foreign corporation is doing business within this State." Laws of 1920, c. 916, § 47. The argument for the petitioner is that, construed as it is, it makes a discrimination between citizens of New York and citizens of other States, because it authorizes the Court in its discre-tion to dismiss an action by a citizen of another State but not an action brought by a citizen of New York, which last it cannot do. *Gregonis* v. *Philadelphia & Reading Coal & Iron Co.* 235 N. Y. 152. It is said that a citizen of New York is a resident of New York wherever he may be living in fact, and thus that all citizens of New York can bring these actions, whereas citizens of other States can not unless they are actually living in the State. But however often the word resident may have been used as equivalent to citizen, and for whatever purposes residence may have been assumed to follow citizenship, there is nothing to prohibit the legislature from using 'resident' in the strict primary sense of one actually living in the place for the time, irrespective even of domicile. If that word in this statute must be so construed in order to uphold the act or even to avoid serious doubts of its constitutionality, we presume that the Courts of New York would construe it in that way; as indeed the Supreme Court has done already in so many words. *Adams* v. *Penn Bank of Pittsburgh*, 35 Hun. 393 *Duquesne Club* v. *Penn Bank of Pittsburgh*, 35 Hun. 390. *Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315, 324. *Klotz* v. *Angle*, 220 N. Y. 347, 358. See *Canadian Northern Ry. Co.* v. *Eggen*, 252 U. S. 553, 562, 563. The same meaning seems to be assumed in *Gregonis*

v. *Philadelphia & Reading Coal & Iron Co.*, 235 N. Y. 152. We cannot presume, against this evidence and in order to overthrow a statute, that the Courts of New York would adopt a different rule from that which is well settled here. *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375, 390.

Construed as it has been, and we believe will be construed, the statute applies to citizens of New York as well as to others and puts them on the same footing. There is no discrimination between citizens as such, and none between non-residents with regard to these foreign causes of action. A distinction of privileges according to residence may be based upon rational considerations and has been upheld by this Court, emphasizing the difference between citizenship and residence, in *La Tourette* v. *McMaster,* 248 U. S. 465. Followed in *Maxwell* v. *Bugbee,* 250 U. S. 525, 539. It is true that in *Blake* v. *McClung,* 172 U. S. 239, 247, 'residents' was taken to mean citizens in a Tennessee statute of a wholly different scope, but whatever else may be said of the argument in that opinion (compare p. 262, *ibid.*) it cannot prevail over the later decision in *La Tourette* v. *McMaster,* and the plain intimations of the New York cases to which we have referred. There are manifest reasons for preferring residents in access to often overcrowded Courts, both in convenience and in the fact that broadly speaking it is they who pay for maintaining the Courts concerned.

As to the grant of jurisdiction in the Employers' Liability Act, that statute does not purport to require State Courts to entertain suits arising under it, but only to empower them to do so, so far as the authority of the United States is concerned. It may very well be that if the Supreme Court of New York were given no discretion, being otherwise competent, it would be subject to a

duty. But there is nothing in the Act of Congress that purports to force a duty upon such Courts as against an otherwise valid excuse. *Second Employers' Liability Cases,* 223 U. S. 1, 56, 57.

*Judgment affirmed.*

THE CHIEF JUSTICE, MR. JUSTICE VAN DEVANTER and MR. JUSTICE BUTLER dissent.