### BEEM v. ILLINOIS CENT. R. CO.

District Court, D. Minnesota, Fourth Division. March 3, 1930.

Tautges, Wilder & McDonald, of Minneapolis, Minn., for plaintiff.

Edwin C. Brown, of Minneapolis, Minn., for defendant.

SANBORN, District Judge.

It is urged that, because of the decision in the case of Douglas v. N. Y., N. H. & H. Rd. Co., 279 U. S. 377, 49 S. Ct. 355, 73 L. Ed. 747, this court may, in its discretion, refuse to assume jurisdiction of this case or to try it, it having originated in Illinois, being between residents of other states, and constituting an undue burden upon interstate commerce.

The Supreme Court, in the Douglas Case,

held that the Federal Employers' Liability Act (45 USCA §§ 51–59) does not force a duty upon a state court to try a case arising under it as against an otherwise valid excuse. The state court which refused to try that case was excused from doing so by a valid state statute. This court is asked to hold that, because the defendant here has only thirty miles of its line in Minnesota, and because it is unreasonable that it should be forced to defend such an action in Minnesota, there is a valid excuse for refusing jurisdiction.

In Schendel v. McGee, 300 F. 273, the Circuit Court of Appeals of this circuit said, in effect, that, when a District Court had jurisdiction of a case, it must try it. We have already held that the burden upon interstate commerce imposed by bringing of such cases in this jurisdiction did not confer upon us any discretion to refuse jurisdiction. Norris v. Illinois Central R. Co. (D. C.) 18 F. (2d) 584.

The motion is denied. The defendant may have five days in which to answer or demur.