## DOYLE v. NORTHERN PAC. RY. CO.

District Court, D. Minnesota, Fourth Division.
Feb. 2, 1932.

Tautges, Eichelzer & Tautges, of Minneapolis, Minn., for plaintiff.

Frederic D. McCarthy, of St. Paul, Minn., for defendant.

SANBORN, District Judge.

This case was removed from the state district court of Hennepin county. It is for personal injuries growing out of an accident which happened in the state of Washington. Suit on the same cause of action had been commenced in Pierce county, Wash. The plaintiff dismissed there and commenced it in Hennepin county, Minn. At the instance of the defendant, the plaintiff was enjoined by the Washington court from prosecuting it here.

The showing made by the defendant indicates that the case was imported by counsel for the plaintiff; that the plaintiff was a resident of the state of Washington at the time of the accident and is not a resident of Minnesota; that the prosecution of the case here will impose an unreasonable burden of expense and inconvenience upon the defendant, and that its trial in this jurisdiction is in the nature of an imposition upon the defendant and this court. In other words, it is the sort of case that the court should refuse jurisdiction of if it has any right to do so.

■ It is not a suit brought under the Federal Employers' Liability Act (45 USCA §§ 51–59), but a common-law action for personal injuries. It is a suit which could have been tried in the state court. The doctrine of forum non conveniens does not apply in this state. Boright v. Chicago, R. I. & P. Ry. Co., 180 Minn. 52, 230 N. W. 457.

The Minnesota courts do not give effect to injunctions such as that against the plaintiff here. See State ex rel. Bossung v. District Court, 140 Minn. 494, 168 N. W. 589, 1 A. L. R. 145; Union Pacific R. Co. v. Rule, 155 Minn. 302, 193 N. W. 161; Frye v. Chicago, R. I. & P. Ry. Co., 157 Minn. 52, 195 N. W. 629; Hovel v. Minneapolis & St. L. R. Co., 165 Minn. 449, 206 N. W. 710.

■ We are therefore asked to refuse to try a case which could have been tried had it not been removed to this court. While the time is perhaps approaching when the Supreme Court of the United States will hold that courts need not entertain jurisdiction of such cases where the burden cast upon an interstate carrier by their trial at a point far distant from the place of the accident, the then residence of the plaintiff and the domicile of the witnesses, is out of all proportion to any possible benefit to the plaintiff, I do not think it has yet arrived, and, in the absence of some decision of that court or of the Court of Appeals of this circuit, authorizing removed to it from a state court which would it, this court should not refuse to try a case have tried it had it not been transferred.

■ As a practical matter, there is little distinction between the situation of the defendant in this case and that of the Santa Fé in the case of Denver & Rio Grande Western Railroad Co. and Atchison, Topeka and Santa Fé Ry. Co. v. Terte, 284 U. S. 284, 52 S. Ct. 152, 153, 76 L. Ed. —. The accident there happened in Pueblo, Colo. The suit was brought in Missouri against the Denver & Rio Grande and the Santa Fé. To defend the action required the bringing of witnesses from Colorado at large expense. The Santa Fé did business in Missouri; the Denver & Rio Grande did not. Jurisdiction of the Denver & Rio Grande was obtained by attachment. It was held that the suit might be maintained against the Santa Fé, but not against the other carrier. The court said: "According to the doctrine approved in Hoffman v. State of Missouri ex rel. Foraker, 274 U. S. 21, 47 S. Ct. 485, 71 L. Ed. 905, we think the Santa Fé was properly sued in Jackson county. The Supreme Court committed no error of which we can take notice by refusing to prohibit further prosecution of the action against that company. The mere fact that the Santa Fé was named a codefendant with the Rio Grande was not enough to defeat jurisdiction of the court over the former." It is true that in that

case the plaintiff, after the accident, had moved to Missouri, and that the suit was under the Federal Employers' Liability Act. I cannot convince myself that there is any difference in principle. The right to bring the action under the common law is no greater and no less than under the act. This is indicated in Douglas v. New York, New Haven & Hartford R. Co., 279 U. S. 377, page 387, 49 S. Ct. 355, 356, 73 L. Ed. 747, where the court says: "As to the grant of jurisdiction in the Employers' Liability Act that statute does not purport to require State Courts to entertain suits arising under it but only to empower them to do so, so far as the authority of the United States is concerned."

In Michigan Central R. Co. v. Mix, 278 U. S. 492, 495, 49 S. Ct. 207, 209, 73 L. Ed. 470, the court said: "The mere fact that she had acquired a residence within Missouri before commencing the action does not make reasonable the imposition upon interstate commerce of the heavy burden which would be entailed in trying the cause in a state remote from that in which the accident occurred and in which both parties resided at the time."

There is nothing in the decisions of the Supreme Court or of the Circuit Court of Appeals which would justify the application of the doctrine of forum non conveniens. We are told, in effect, that we have a duty to try cases of which we have jurisdiction. Chicago, Milwaukee & St. Paul Ry. Co. v. Schendel (C. C. A.) 292 F. 326; Schendel v. McGee (C. C. A.) 300 F. 273; Mondou v. N. Y., N. H. & H. R. Co., 223 U. S. 1, 32 S. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Norris v. Illinois Central R. Co. (D. C.) 18 F.(2d) 584; Beem v. Illinois Central R. Co. (D. C.) 55 F.(2d) 708.

There is something quite objectionable about assuming jurisdiction of a case the prosecution of which has been lawfully enjoined by a thoroughly respectable court of another jurisdiction. It creates the feeling that this court is an aider and abettor in the violation of the injunction and is in a sense in contempt of the court whose injunction it helps the plaintiff to violate. However, the decisions of the Minnesota Supreme Court are respectable authority for the proposition that comity does not require that such injunctions be respected in the state of Minnesota, and I find no federal cases to the contrary.

I reach the conclusion that I am without power to refuse jurisdiction or to dismiss upon any of the grounds urged by the defendants.

The motion is in all things denied.