## SOUTHERN RY. CO. v. COCHRAN, Judge.

### No. 6081.

Circuit Court of Appeals, Sixth Circuit.

March 8, 1932.

Edward P. Humphrey, of Louisville, Ky., for petitioner.

Martin & Smith, of Catlettsburg, Ky., for respondent.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The petitioner filed its original petition in this court praying for a writ of prohibition, or some other appropriate writ, directed to the defendant, the Honorable A. M. J. Cochran, Judge of the United States District Court for the Eastern District of Kentucky, prohibiting, enjoining, and restraining him from trying the case of Lamar G. Crawford v. Southern Railway Company, now pending in the United States District Court for the Eastern District of Kentucky, at Catlettsburg, in that District.

The suit, the trial of which is sought to be prohibited or restrained is one for personal injuries brought under the Federal Employers' Liability Act (45 USCA §§ 51–59), and the Safety Appliance Act (45 USCA § 1 et seq.). The plaintiff Crawford was at the time of the accident complained of, and still is, a citizen and resident of the city of Spartanburg, S. C. The accident occurred there. It is claimed that all of the witnesses reside there. The petitioner is a corporation organized under the laws of Virginia. It is contended that the petitioner does not operate or control any railroad in or through Boyd county, in which Catlettsburg is located, although it is asserted and not denied that it operates and controls a railroad in the Eastern District of Kentucky. It is further

shown that courts of general jurisdiction, state and federal, have regular sessions at Spartanburg, S. C.; that the case can readily be tried there at small expense; that the distance from Spartanburg, S. C., to Catlettsburg, Ky., is four hundred and seventeen miles, and that the time required for travel between these points is upwards of twenty-seven hours; that the petitioner has about fifteen witnesses whose oral testimony is necessary; that for purposes of trial they must be brought to Catlettsburg and maintained there at a cost of approximately $2,000; that such expense cannot be recovered by the petitioner even if it prevails in the District Court, or in this court upon appeal; that its witnesses are employed in interstate commerce; and that their absence from the place of their employment will place a burden upon and cause undue interference with interstate commerce, and will also deprive the petitioner of its rights under the due process clause of the Fourteenth Amendment. A motion made by the petitioner asking the defendant to enter an order refusing to try the case, or to permit any further proceedings therein, was overruled, and the writ referred to is now sought by petition to this court.

■■ Jurisdiction in the District Court over the case there pending is asserted under section 6 (as amended) of the Federal Employers' Liability Act, being United States Code, title 45, § 56 (45 USCA § 56). Actions thereunder may be brought in the United States District Court in one of three places: (1) In the district of the residence of the defendant, (2) in the district in which the cause of action arose, or (3) in the district in which the defendant shall be doing business at the time the action is commenced. It is the contention here that even though the petitioner be doing business in the Eastern District of Kentucky, the District Court of that district has no jurisdiction in the case, or having jurisdiction, it should not, equitably, be exercised. Chief reliance is placed upon the case of Davis, Director General, v. Farmers' Co-operative Equity Co., 262 U. S. 312, 43 S. Ct. 556, 67 L. Ed. 996. There the court had presented to it for decision a question as to whether a state statute, as construed and applied by the state courts, conferring jurisdiction over foreign corporations, violated the Federal Constitution by imposing an unreasonable burden upon in-

terstate commerce. The decision was that it did. That is not the question here presented. Jurisdiction is here asserted by a court of the United States under the mandate of a federal statute. It must be borne in mind that Congress has the power to regulate interstate commerce. The states have no such power. If the effect of a federal statute conferring jurisdiction upon a federal court is to place a burden upon interstate commerce, the power for that purpose exists, and the remedy is legislative and not judicial. The precise question here presented was considered by the Circuit Court of Appeals for the Eighth Circuit in Schendel v. McGee, District Judge, 300 F. 273, 278. It was there said: "We assume Congress could provide that actions in the federal courts should be brought at places where the same would not constitute a burden on commerce, but Congress has not done so. It has given the right under the federal Employers' Liability Act, hereinbefore discussed, to an injured party, or in case of his death to the duly constituted representative, to maintain an action for damages in the courts of the district where the defendant is doing business at the time the suit is commenced. We are not concerned with the justice or the wisdom of such legislation. It being the law, it is a court's duty, where there is jurisdiction, to take and retain that jurisdiction and try the case." To the same effect are also Norris v. Illinois Central R. Co., 18 F.(2d) 584 (D. C. Minn.); Trapp v. B. & O. Railroad Co., 283 F. 655, (D. C. Ohio); Connelly v. Central R. Co. of New Jersey, 238 F. 932 (D. C. New York).

■ Concluding that jurisdiction to try the case exists, has the defendant any discretion to refuse to exercise it? We think not. The existence of jurisdiction, when otherwise adequate to the occasion, creates an implication to exercise it. Second Employers' Liability Cases, 223 U. S. 1, 32 S. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44. Authorities holding that state courts may by reason of local law under like circumstances in their discretion refuse to entertain a suit under the act, are not controlling, for the statute does not impose a duty upon state courts as against a valid excuse, but rather confers a power. Douglas v. New York, N. H. & H. R. Co., 279 U. S. 377, 49 S. Ct. 355, 73 L. Ed. 747.

The petition for writ of prohibition is accordingly denied.