**SACCO v. BALTIMORE & O. R. CO.**
Civil Action No. 3608.

District Court, E. D. New York.

June 6, 1944.

John C. Robinson and Morris A. Wainger, both of New York City (William Paul Allen, of New York City, of counsel), for plaintiff.

Robert Schwebel, of New York City (Sebastian C. Pugliese, of Pittsburgh, Pa., of counsel), for defendant.

MOSCOWITZ, District Judge.

Defendant moves this Court to decline to take jurisdiction of and to dismiss this personal injury action brought by an employee of defendant to recover damages for injuries received in the course of his employment.

The cause of action arises under the Federal Employers' Liability Act, 45 U.S. C.A. §§ 51–60. Section 6 (45 U.S.C.A. § 56) of which provides:

"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."

The defendant admits that it is doing business in this district and that it is engaged in interstate commerce. The jurisdiction of this Court to entertain the action is thereby established but the defendant contends that the Court is vested with a discretion to decline to exercise a possessed jurisdiction in the interest of convenience, justice and public policy, adverted to as the doctrine of forum non conveniens. In support of its motion, the defendant urges the following facts:

The plaintiff is a resident of Lawrence County, Pennsylvania; the defendant is organized under the laws of the State of Maryland. The accident occurred at New Castle Junction, Lawrence County, Pennsylvania. All of the witnesses needed by either the plaintiff or the defendant are nonresidents of this district, most of them

residing near the scene of the accident in Pennsylvania. It will be a substantial burden on interstate commerce and a serious interference with the war effort to require the defendant to bring to this district, over 500 miles from their places of employment, and to keep here for the duration of the trial some twenty or more skilled railroad workers who are necessary to the prosecution of its defense. In the present period of labor shortages, their services will irreplaceable during their absence and the very extensive war commerce handled at New Castle Junction will be materially hampered. The transportation of these men to this district will also deprive an equal number of essential travelers of accommodations, not to mention the hotel space which they will occupy while in New York, all at considerable and unreasonable expense to the defendant. All of these difficulties could be obviated by the plaintiff's bringing his action in the district court in Pittsburgh, Pennsylvania, only a few miles from the scene of the accident and adjacent to the residence of the plaintiff and of most of the witnesses.

■■■■ This Court finds itself in complete sympathy with the relief sought by the defendant but also finds itself as completely devoid of the power to grant it. There is no reason in justice why the plaintiff should be permitted to initiate litigation in a district far removed from the locality in which the cause of action arose, when neither party is a resident of that district and most of the essential witnesses will have to travel great distances to attend the trial. This practice is designed to vex and annoy the defendant and to cause unnecessary expense.

However, the Congress has in its wisdom enacted a statute which confers upon a plaintiff the privilege of bringing the action it has created in one of three places at his option, in the district of the defendant's residence, where the cause of action arose, or where the defendant is doing business. It is the province of the judiciary to interpret the laws passed by the Congress and not to seek to correct legislative enactments or to change laws because they have given rise to consequences not contemplated by the Congress, no matter how dire the consequences. The separation of power is a basic principle in our democracy and should not be violated by the encroachment of one branch of the government upon the domain of another. If this statute

is unjust, the remedy is legislative. Baltimore & Ohio R. Co. v. Kepner, 314 U. S. 44, 54, 62 S.Ct. 6, 86 L.Ed. 28, 136 A. L.R. 1222.

■■■ It has repeatedly been held by authorities which preclude a contrary determination by this Court that the privilege of venue conferred by Section 6 of the Federal Employers' Liability Act is absolute and that the plaintiff's right to bring his action in the federal court in a district where the defendant is doing business is not subject to discretionary denial by the court, whether on considerations of convenience, expense, alleged burden on interstate commerce, or crowding of court calendars with out-of-district cases. Trapp v. Baltimore & O. R. Co., D.C., 283 F. 655; Schendel v. McGee, 8 Cir., 300 F. 273; Norris v. Illinois Cent. R. Co., D.C., 18 F.2d 584; Beem v. Illinois Cent. R. Co., D.C., 55 F.2d 708; Southern R. Co. v. Cochran, 6 Cir., 56 F.2d 1019; Wood v. Delaware & H. R. Corp., 2 Cir., 63 F.2d 235; Chesapeake & O. R. Co. v. Vigor, 6 Cir., 90 F.2d 7, certiorari denied 302 U.S. 705, 58 S.Ct. 25, 82 L.Ed. 545.

■■■ The great number of cases cited by defendant indicates an exhaustive search for authorities to sustain its view, and the decision of this court that none of the cases upholds the defendant's position compels the conclusion that the so-called doctrine of forum non conveniens, while theoretically a qualification on jurisdiction, has not been applied to any action commenced in the federal court, except in admiralty (Canada Malting Co. v. Paterson Steamships, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520) or those cases which would have been denominated as actions in equity before the removal of the distinction by Rule 2 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Kansas City Southern R. Co. v. United States, 282 U.S. 760, 51 S.Ct. 304, 75 L.Ed. 684; Commonwealth of Massachusetts v. State of Missouri, 308 U.S. 1, 60 S.Ct. 39, 84 L.Ed. 3; Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424; American Auto Ins. Co., v. Freundt, 7 Cir., 103 F.2d 613. Where the statute which confers jurisdiction itself vests the court with a discretion to decline to exercise that jurisdiction, unquestionably the court may do so. Douglas v. New York N. H. & H. R. Co., 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747; Collard v. Beach, 81

App.Div. 582, 81 N.Y.S. 619; Id., 93 App. Div. 339, 87 N.Y.S. 884; Robinson v. Occanic Steam Nav. Co., 112 N.Y. 315, 19 N.E. 625, 2 L.R.A. 636; Waisikoski v. Philadelphia & R., etc., Co., 173 App.Div. 538, 159 N.Y.S. 906; Bagdon v. Philadelphia & R., etc., Co., 178 App.Div. 662, 166 N.Y.S. 79; Murnan v. Wabash R. Co., 246 N.Y. 244, 158 N.E. 508, 54 A.L.R. 1522; Hargan v. Southern Pac. Co., —— Misc. ——, 50 N.Y.S.2d 513; Harris v. Pullman, 84 Ill. 20, 25 Am.Rep. 416; Wintersteen v. National Cooperage & Woodenware Co., 361 Ill. 95, 197 N.E. 578; Wall v. Chesapeake & O. R. Co., 290 Ill. 227, 125 N.E. 20; Walton v. Pryor, 276 Ill. 563, 115 N.E. 2, L.R.A.1918E, 914. Cases are not in point in which the court does not have jurisdiction of the parties, as in the case of foreign corporations not doing business within the forum (Universal Adjustment Corp. v. Midland Bank, 281 Mass. 303, 184 N.E. 152, 87 A.L.R. 1407; Davis v. Farmers' Coop. Equity Co., 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996; Atchison, etc., R. Co. v. Wells, 265 U.S. 101, 44 S.Ct. 469, 68 L.Ed. 928; Michigan Cent. R. Co. v. Mix, 278 U.S. 492, 49 S.Ct. 207, 73 L.Ed. 470), or of the subject matter, as in an action involving the matrimonial status of non-residents (Melvin v. Melvin, 76 U.S.App.D.C. 56, 129 F.2d 39), or one concerning the internal management of a foreign corporation. Rogers v. Guaranty Trust Co., 288 U.S. 123, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720. Heine v. New York Life Ins. Co., 9 Cir., 50 F.2d 382, was an action brought by an alien involving German insurance policies and is remote from the instant question.

Recognition of the prejudice to the war effort in World War I of the identical practice here indulged by plaintiff resulted in the promulgation by the Director General of General Order 18a (see Alabama & V. R. Co. v. Journey, 257 U.S. 111, 42 S.Ct. 6, 66 L.Ed. 154), which required that all suits against carriers during the period of government operation of the railroads be brought in the county or district where plaintiff resided or where the accident occurred. If the commendable efficiency attained by the railroads in this war will be seriously affected by the continuance of the practice of bringing litigation far distant from the accident, it is up to the Congress to withdraw its granted privilege.

Motion denied. Settle order on notice.