## GRANT v. PENNSYLVANIA R. CO.

District Court, S. D. New York.
Feb. 6, 1948.

Richter, Lord & Farage, of Philadelphia, Pa., for plaintiff.

Louis J. Carruthers, of New York City, for Pennsylvania R. Co.

BRIGHT, District Judge.

Defendant moves for security for costs. The action is brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Federal Safety Appliance Act, 45 U.S.C.A. § 1 et seq., to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant. The accident out of which the case arose occurred in Pennsylvania and plaintiff is a resident of that state. No reason is stated why this action could not have been brought at the place of residence of the plaintiff and where the accident occurred, and no other facts are submitted in opposition to the motion.

The question involved is whether this court has the power to grant security for costs, it being argued that under section 6 of the Employers' Liability Act, Title 45 U.S.C.A. § 56, plaintiff cannot be so restricted in his commencement and maintenance here of such an action. That section, so far as material to the present discussion, provides: "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time

of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

█ All of the cases which have been called to my attention state that this section is purely one relating to venue. It does not preclude any procedural requirement of the forum which plaintiff selects for the trial of his case. Plaintiff's attempt to stretch the decisions to preclude the power to enforce local rules, or local methods of procedure, or any of the usual practice regulations, other than those relating to venue, seems contrary to the very terms of the section itself. In its essence, it permits an action such as this to be "brought" and thus maintained in the districts named. But it also provides that the "jurisdiction" shall be concurrent with that of the courts of the several states; and as so used "jurisdiction" would comprehend, in my judgment, the right to proceed with the law suit in accordance with the rules and practice of the district which plaintiff chooses.

█ The granting of this motion would not deny plaintiff access to this venue, and if, because of his failure to comply with an order requiring security, he sees fit to permit a dismissal, the venue would still be available as sought and his refusal to take advantage of it, subject to the practice there existing, would be a voluntary one on his part.

I understand it is agreed that this ruling shall also apply to the motions made in the cases against the same defendant in which Bernard Samuel II (Civ. 44-100), John C. Friend (Civ. 43-762), James N. Brantner (Civ. 43-763), Oliver Berkheimer (Civ. 43-764), Frank W. Wilson (Civ. 43-765), Thomas Barone (Civ. 43-766), and Albert Q. Prince (Civ. 43-767) are plaintiffs.

The motion is granted, and each plaintiff will be required to file security for costs in the sum of $250. Settle order on notice.