## MARKS v. PENNSYLVANIA R. CO.

District Court, S. D. New York.
May 21, 1948.

Leo Gitlin, of New York City, for plaintiff.

Richter, Lord & Farage, of Philadelphia, Pa. (Elwood S. Levy, of Philadelphia, Pa., of counsel), for plaintiff.

Louis J. Carruthers, of New York City (David J. Mountain, Jr., of New York City, of counsel), for defendant.

KNOX, District Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. Plaintiff is a resident of Manor, Pennsylvania. The injuries complained of were sustained at defendant's Steel Car Shop at Pitcairn, Pennsylvania. Defendant admittedly does business within this state. The question is whether defendant can compel plaintiff to provide security for costs.

Rule 34 of the Civil Rules of this Court is as follows:

"Whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the Federal Rules of Civil Procedure, or of these rules, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If, however, no such parallels or analogies exist, then the procedure heretofore prevailing in courts of equity of the United States shall be applied; or in default thereof in the discretion of the court, the procedure which shall then prevail in the Supreme Court of the State of New York may be applied."

This rule applies to a motion to compel security.

The New York rule is found in Section 1522 of the Civil Practice Act:

"When defendant may require plaintiff to give security for costs. The defendant in an action brought in a court of record may * * * require security for costs to be given: A. Where the plaintiff, when the action was commenced, either was

1. A person residing without the state; * * *"

Under the old equity practice the granting of such a motion was discretionary with the court. Under the New York State practice the requirement for security, if requested, is mandatory. There is considerable doubt whether this Court should view such a motion as appealing to its discretion, or whether, if the operative facts are shown, the motion should be granted. But that difficulty need not now be resolved. Plaintiff does not appeal to the discretionary power of the court under Rule 34, and has not submitted any affidavit which would justify me in denying the motion as inequitable. Plaintiff's entire reliance is placed upon an alleged conflict between Rule 34, however construed, and Section 6 of the Federal Employers' Liability Act.

Section 6 reads as follows:

"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of defendant, in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."

Counsel for plaintiff who appeared before me has heretofore argued this question in three other cases. In two instances defendant prevailed. Zeth v. Pennsylvania R. Co., D.C.E.D.PA.1947, 7 F.R.D. 612; Grant v. Pennsylvania R. Co., 8 F.R.D. 40, decided by Judge Bright in this District. On one occasion plaintiff was victorious. Di Filippo v. Pennsylvania R. Co., 7 F.R. D. 730, decided by Judge Byers in the Eastern District of New York. In view

of the conflict of opinion within the circuit the question is open before me.

 There is no doubt that this court is competent to entertain an action by this plaintiff against this defendant under the Federal Employers' Liability Act. There is also no doubt in my mind that to grant the present motion would not impair the competence of the court. The one is a question of whether the court can hear the case; the other is a question of whether the court should hear it unless plaintiff provides security. For this reason I can not agree with plaintiff that to grant the present motion would be to violate Rule 82 of Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c, which provides that "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein." I read Rule 82 as meaning that the Federal Rules, and the District Court Rules established under those Rules, shall neither limit nor extend the competence of the Courts as provided by Federal statute.

The principal area of dispute is this.

 There is considerable authority on the import of Section 6. A state court may not enjoin a resident from prosecuting an action under the Federal Employers' Liability Act in the courts of another state, although it was not doubted that a state court could enter an injunction in a proper case. Miles v. Illinois Central R. Co., 1942, 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104. Similarly, a state court may not enjoin a resident from prosecuting such an action in an out-of-state Federal court. Baltimore & Ohio R. Co. v. Kepner, 1941, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222. When such an action is brought in a Federal court, the doctrine of forum non conveniens does not apply. Trapp v. Baltimore & Ohio R. Co., D.C. Ohio 1922, 283 F. 655; Schendel v. McGee, 8 Cir., 1924, 300 F. 273; Sacco v. Baltimore & Ohio R. Co., D.C.E.D.N.Y. 1944, 56 F.Supp. 959. Only where the action is brought in a state court may forum non conveniens apply. Douglas v. New York, N. H. & H. R. Co., 1929, 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747.

 In the course of the opinions cited above, the courts have laid down the rule that the privilege of venue under the Act is absolute, and may not be restricted by any considerations of cost or inconvenience of the defendant.

Thus the Supreme Court in the Kepner case, said:

"The real contention of petitioner is that, despite the admitted venue, respondent is acting in a vexatious and inequitable manner in maintaining the federal court suit in a distant jurisdiction * * *." 314 U.S. page 51, 62 S.Ct. page 9, 86 L.Ed. 28, 136 A.L.R. 1222.

"* * * no state statute could vary the venue and we think * * * that no state court may interfere with the privilege, for the benefit of the carrier or the national transportation system, on the ground of inequity based on cost, inconvenience or harassment. When the section was enacted it filled the entire field of venue in federal courts. A privilege of venue granted by the legislative body which created this right of action cannot be frustrated for reasons of convenience or expense. If it is deemed unjust, the remedy is legislative * * * Whatever burden there is here upon the railroad because of inconvenience or cost does not outweigh the plain grant of privilege for suit in New York." 341 U.S. page 53, 62 S.Ct. page 10.

And in the Miles case:

"As Congress has permitted both the state and federal suits, its determination that the carriers must bear the incidental burden is a determination that the state courts may not treat the normal expense and inconvenience of trial in permitted places, such as the one selected here, as inequitable and unconscionable." 315 U.S. page 705, 62 S.Ct. page 831, 86 L.Ed. 1129, 146 A.L.R. 1104.

In the Sacco case, it was said:

"It has repeatedly been held by authorities which preclude a contrary determination by this Court that the privilege of venue conferred by Section 6 of the Federal Employers' Liability Act is absolute and * * * is not subject to discretionary denial by the court, whether on

considerations of convenience, expense, alleged burden, * * * or crowding of court calendars with out-of-district cases." 56 F.Supp. page 960.

Similar expressions are to be found in state court and lower Federal court decisions in injunction suits. Leet v. Union Pacific R. Co., 25 Cal.2d 605, 155 P.2d 42, 158 A.L.R. 1008, certiorari denied 325 U.S. 866, 65 S.Ct. 1403, 89 L.Ed. 1986; Chesapeake & Ohio R. Co. v. Vigor, 6 Cir., 1937, 90 F.2d 7, certiorari denied 302 U.S. 705, 58 S.Ct. 25, 82 L.Ed. 545.

Defendant contends that these cases relate only to efforts to remove a case under the Act from the jurisdiction in which it was brought by the plaintiff. Plaintiff reads them more broadly, as giving effect to an affirmative congressional declaration that venue under the Act is not to be restricted by any considerations of cost or inconvenience to the defendant. I agree with the plaintiff.

█ Although a statute provides that a court shall be competent, the courts themselves have enunciated certain judicial rules to determine whether a suit should in fact be entertained in a particular tribunal. The controlling factors are the convenience of the parties, the convenience of the court, and the expense to the taxpayers of the forum. Thus courts have enjoined residents from suing in an out-of-state forum, and the jurisdiction in which suit is filed may decline the case on the grounds of forum non conveniens.

█ As we have seen, these two judicial rules have no application in a suit under the Employers' Liability Act in a Federal Court. The ground of decision is that these rules must give way to the affirmative declaration of the Congress. Since the power of a court to enjoin a resident from prosecuting his action outside the state, or to decline jurisdiction on grounds of forum non conveniens, do not rest on the proposition that the original venue is not competent, the Congressional direction by which these rules are displaced must be construed as going beyond the issue of competence of the court. And if Section 6 overcomes a court's equitable power to enjoin a resident, and its power to decline jurisdiction, I do not see why it does not overcome Rule 34. The rationale of the injunction, the application of forum non conveniens, and Rule 34 as urged in these cases, is the same, viz., that defendant's costs and convenience should be respected. All three are alike in that they stem from the judiciary and must give way before the legislative expression. If these judicial rules cannot be applied, neither can Rule 34.

█ A distinction, undoubtedly, can be drawn between the cases to which reference has been made and the motion now before me. Section 6 is addressed to venue. As judicially construed, it does not direct that costs and inconvenience to the defendant be disregarded, but only that they be disregarded when the issue is venue. The injunction and the forum non conveniens motions are directed to venue by their terms. The present motion is not. Nevertheless, I think that this is merely a difference in form, not in substance, nor in practical effect. To grant the present motion would restrict the venue, contrary to the Congressional intention, just as seriously as would an injunction or a dismissal on forum non conveniens grounds. It will not do to say that this is merely a matter of procedure within the district. As stated in Sherman v. Pere Marquette R. Co., D.C. Ill.1945, 62 F.Supp. 590, 593, "The beneficial effects of the statute should not be whittled away by the courts by distinguishing between adjective and substantive duties or liabilities."

It is a matter of little consequence whether I say that the statute and Rule 34 conflict and that the statute prevails, or that, because the statute applies, Rule 34 has no bearing on the issue. Similar motions are made in the eight actions, listed below, which were submitted as companion cases to Marks v. Pennsylvania R. Co.; Pollina v. Pennsylvania R. Co., Cummings v. Pennsylvania R. Co., Reed v. Pennsylvania R. Co., Mulholland v. Pennsylvania R. Co., Coman v. Pennsylvania R. Co., Bruss v. Pennsylvania R. Co., Edmonston v. Pennsylvania R. Co.

Motions denied in all nine cases.