SIXTH DIVISION
June 29, 2007

No. 1-06-0459

| | | |
|---|---|---|
| FIRST CAPITAL MORTGAGE CORPORATION, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| UNION FEDERAL BANK OF INDIANAPOLIS, | ) | Honorable |
| | ) | James F. Henry, |
| Defendant-Appellee. | ) | Judge Presiding |

JUSTICE McNULTY delivered the opinion of the court:

Must Illinois courts allow a private right of action under a federal statute that provides for such a right?  The Telephone Consumer Protection Act of 1991 (the Act) (47 U.S.C. §227(b)(3) (2000)) establishes a private right of action for its violation "if otherwise permitted" by state court rules.  We hold that the Act requires Illinois courts to allow a private right of action unless a neutral rule of judicial administration bars the cause. Because we find no applicable rule that bars the cause of action here, we find that the plaintiff has a right to pursue a claim under the Act.

In 2004 First Capital Mortgage Corporation sued Union Federal Bank of Indianapolis, alleging that defendant sent plaintiff hundreds of unsolicited faxes between July 2002 and October 2004.  In count I plaintiff sought to recover under the Act, and in count II plaintiff sued for conversion of its ink and

1-06-0459

paper for the faxed advertisements.

Defendant moved to dismiss count I, arguing that Illinois does not permit a private right of action under the Act.  The trial court granted the motion with prejudice pursuant to section 2-619 of the Code of Civil Procedure.  735 ILCS 5/2-619 (West 2004).  The court expressly found no just reason to delay appeal. Plaintiff filed a timely notice of appeal.

Supreme Court Rule 304(a) gives this court jurisdiction over the appeal.  155 Ill. 2d R. 304(a).  We review the dismissal *de novo*.  <u>Klinkner v. County of Du Page</u>, 331 Ill. App. 3d 48, 50 (2002).

The Act provides:

> "It shall be unlawful for any person ***
>
> * * *
>
> *** to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine ***[.]
>
> * * *
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
>
> ***

> *** an action to recover *** $500 in
>
> damages for each *** violation [of the Act.]"
>
> 47 U.S.C.A. §227(b)(1)(C), (b)(3)(B) (2000).

Cases under the Act have focused on interpretation of the phrase "if otherwise permitted."  The parties agree that we should interpret the phrase as an acknowledgment that state courts need not change procedural rules to accommodate claims under the Act.  See Schulman v. Chase Manhattan Bank, 268 A.D.2d 174, 179, 710 N.Y.S.2d 368, 372 (2000); Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, L.P., 329 F. Supp. 2d 789, 798 (M.D. La. 2004).  This approach comports with the Supreme Court's reasoning in Howlett v. Rose, 496 U.S. 356, 110 L. Ed. 2d 332, 110 S. Ct. 2430 (1990), where the court said:

> "Federal law is enforceable in state courts ***
>
> because the Constitution and laws passed pursuant to it
>
> are as much laws in the States as laws passed by the
>
> state legislature. The Supremacy Clause *** charges
>
> state courts with a coordinate responsibility to
>
> enforce that law according to their regular modes of
>
> procedure. * * *
>
> * * *
>
> *** A state court may not deny a federal right,
>
> when the parties and controversy are properly before

it, in the absence of 'valid excuse.' <u>Douglas v. New York, [New Haven & Hartford R.R. Co.]</u>, 279 U.S. 377, 387-388[, 73 L. Ed. 747, 752, 49 S. Ct. 355, 356] (1929) (Holmes, J.). 'The existence of the jurisdiction creates an implication of duty to exercise it.' <u>Mondou v. New York, [New Haven & Hartford R.R. Co.]</u>, 223 U.S. 1, 58[, 56 L. Ed. 327, 349, 32 S. Ct. 169, 178] (1912); [citations].

\* \* \*

\* \* \* When a state court refuses jurisdiction because of a neutral state rule regarding the administration of the courts, we must act with utmost caution before deciding that it is obligated to entertain the claim. [Citations.]  The requirement that a state court of competent jurisdiction treat federal law as the law of the land does not necessarily include within it a requirement that the State create a court competent to hear the case in which the federal claim is presented.  \* \* \* States may apply their own neutral procedural rules to federal claims, unless those rules are pre-empted by federal law." <u>Howlett</u>, 496 U.S. at 367-72, 110 L. Ed. 2d 347-51, 110 S. Ct. 2438-41. Thus, the Act forms part of the law enforceable in Illinois

1-06-0459

courts. We use applicable rules of statutory interpretation to determine whether the Act creates a private right of action. See Sawyer Realty Group, Inc. v. Jarvis Corp., 89 Ill. 2d 379, 386 (1982). We look first to the language of the Act. See Krautsack v. Anderson, 223 Ill. 2d 541, 553 (2006). The Act expressly grants a private right of action, limited only by the qualification that the action must be "otherwise permitted by the laws or rules of court." 47 U.S.C. §227(b)(3) (2000).

The limitation allows state courts to apply "neutral rule[s] of judicial administration" (Howlett, 496 U.S. at 374, 110 L. Ed. 2d at 352, 110 S. Ct. at 2442) to claims under the Act, and if such rules bar a claim, the state court may dismiss it. Meehan v. Illinois Power Co., 347 Ill. App. 3d 761, 766 (2004). The court in Howlett gave three examples of such rules of judicial administration. Thus, a state court appropriately applied *forum non conveniens* to dismiss a federal claim where the doctrine would also bar a similar state claim between the parties. See State of Missouri ex rel. Southern Ry. Co. v. Mayfield, 340 U.S. 1, 95 L. Ed. 3, 71 S. Ct. 1 (1950). Where neither party involved in a federal claim resided in the forum state, the state court had authority to dismiss the claim. See Douglas, 279 U.S. 377, 73 L. Ed. 747, 49 S. Ct. 355 (1929). Similarly, the state court correctly dismissed a federal claim that arose outside of the

1-06-0459

forum state. See Herb v. Pitcairn, 325 U.S. 77, 89 L. Ed. 1483, 65 S. Ct. 954 (1945).

Defendant claims that such a neutral rule of judicial administration bars the claim here. It finds the rule in Reuben H. Donnelly Corp. v. Brauer, 275 Ill. App. 3d 300 (1995). According to Donnelly, Illinois courts will imply a private right of action from a silent statute only if courts need such a cause of action to achieve the purposes of the statute. Donnelly, 275 Ill. App. 3d at 311; see Parra v. Tarasco, Inc., 230 Ill. App. 3d 819, 824-25 (1992). Donnelly states a rule of statutory construction (see Moore v. Lumpkin, 258 Ill. App. 3d 980, 989 (1994)), not a rule of judicial administration. Here we have no need to look to rules for implying a private right of action. The statute on its face expressly grants a private right of action. Therefore Donnelly does not apply to interpretation of the Act.

Defendant does not suggest that any rule of judicial administration, like *forum non conveniens*, bars plaintiff's claim.

The Act, including its express provision for a private right of action, forms part of the law of Illinois. No neutral rule of judicial administration bars plaintiff's cause of action against defendant under the Act. Accordingly, we reverse the dismissal

-6-

1-06-0459

of count I of the complaint and we remand for further proceedings in accord with this order.

Reversed and remanded.

FITZGERALD SMITH, P.J., and JOSEPH GORDON, J., concur.