**Marilyn MARGULIS,
Plaintiff/Respondent,**

v.

**P & M CONSULTING, INC.,
Defendant/Appellant.**

**No. ED 82679.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 18, 2003.

William E. Raney, Copilevitz and Canter, LLC, Kansas City, MO, for appellant.

Max G. Margulis, Margulis Law Group, Chesterfield, MO, for respondent.

MARY K. HOFF, Judge.

■ P & M Consulting, Inc. (P & M) appeals from the trial court's judgment granting summary judgment in favor of Marilyn Margulis (Margulis) in her private right of action brought pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227(b).[1] We affirm.

## I. Background Information

Margulis sued P & M alleging that P & M violated the TCPA by placing to her residence a prerecorded telemarketing call that included the transmission of an unsolicited advertisement and was made for a commercial purpose. Margulis asked for damages in the amount of $4,500 and requested the court to permanently enjoin P & M from making any such prerecorded calls without prior express invitation or permission from the individual being called.

In its motion for summary judgment, P & M did not dispute that it placed a telephone call to Margulis' residence. In its response to Margulis' reply to its motion for summary judgment, however, P & M contended that its records showed that the person who received the call placed to Margulis' telephone number was not Margulis, but her husband. In support of this contention, P & M submitted the affidavit of its marketing and information coordinator who attested that the computer record showed that during the call a person indicated he was married and was the husband in the marriage. Both parties stipulated

that the content and script of the telephone call was as follows:

Hi this is Michelle with P and M Consulting. We are conducting a real quick 3 question survey of residents in your area to determine eligibility for a complimentary vacation package including roundtrip airfare for two and two nights hotel accommodations to your choice of either Orlando Florida or Las Vegas Nevada. There is absolutely no obligation to purchase or join anything to receive your vacation. Simply answer the following questions.

1. Please press 1 if you are married press 2 if you are single. (1a Please press 1 if you are the husband 2 if you are the wife) (1b Please press 1 if you are the head of the household please press 2 if you are not)

2. Please press 1 if you are between the ages of 30 and 75 please press 2 if you are not.

3. Please press 1 if your combined annual household income is greater than 35,000 please press 2 if it is under 35,000

Congratulations you do qualify. Someone from our offices will be contacting you in the next few days to explain to you how to receive your complimentary 3 day and 2 night vacation with airfare. Our address is 301 Duck Rd Grandview Mo 64030. All future telephone conversations may be recorded and/or monitored.

On December 10, 2002, the parties, by agreement, submitted the case on cross

---

1. The parties' joint motion requesting transfer to the Missouri Supreme Court is hereby denied. In their motion, the parties assert that this case involves a constitutional challenge to TCPA, specifically whether the TCPA is unconstitutionally vague "as applied." To vest appellate jurisdiction with the Supreme Court on a constitutional issue, "the attack on the constitutionality of the statute must be that whatever it means and under any construction of which it is susceptible, it is unconstitutional." *Whitaker v. City of Springfield,* 889 S.W.2d 869, 875 (Mo.App. S.D.1994) *quoting Knight v. Calvert Fire Ins. Co.,* 260 S.W.2d 673, 675 (Mo.1953).

motions for summary judgment, and the trial court gave both parties until January 3, 2003, to file proposed orders.

On January 28, 2003, the trial court denied P & M's motion for summary judgment and granted summary judgment to Margulis. In its judgment, the trial court held that: 1) Margulis had standing to file suit under the TCPA as a resident of the private residence to which the call was placed; 2) the statute mandated fixed damages; 3) the call was not an exempted survey as the transcript of the call met the TCPA's definition of "telephone solicitation" and "unsolicited advertisement;" 4) Margulis did not give express consent to receive the prerecorded message; 5) the TCPA's definition of "unsolicited advertisement" was not vague; 6) the statute had no chilling effect on speech; and 7) the statute's restriction on placing prerecorded telemarketing calls to homes was content neutral and was a reasonable restriction on time, place and manner of protected speech. The trial court awarded Margulis $500 in damages plus court costs. This appeal follows.

II.   Standard of Review

When considering an appeal from a grant of summary judgment, we review the record in the light most favorable to the nonmovant. ITT Commercial Fin. v. Mid–America Marine, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially de novo. Id. The burden of proof on a summary judgment movant is to establish a legal right to judgment flowing from facts about which there is no genuine dispute. Id. at 378.

III.   Analysis

P & M raises four points on appeal. In its first point, P & M claims the trial court erred in granting summary judgment because whether Margulis was the person who received the call was a disputed issue of material fact.

The TCPA prohibits a call made without prior express consent to a residence and using an artificial or prerecorded voice to deliver a message, unless it is an emergency call or is a call exempted by the Federal Communications Commission (FCC). 47 U.S.C. Section 227(b)(1)(B). The TCPA grants a private right of action to individuals or entities for violations of this subsection. 47 U.S.C. Section 227(b)(3).

■   As noted, P & M does not dispute that it placed a call to Margulis' residence, only that it was Margulis herself who actually participated in the call. No language in the statute limits the private right of action only to individuals actually receiving the call. The statute is violated by the placing of the call to a *residence*. 47 U.S.C. Section 227(b)(1)(B); In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 F.C.C.R. 8752, 8753 (Oct.1992) (emphasis ours). Thus, it is immaterial whether Margulis was the person who received the call. We agree with the trial court that Margulis has standing to file this action as a member of the private residence to which the prerecorded call was placed.

P & M's first point is denied.

In its second point, P & M contends the trial court erred in finding P & M's call was an "unsolicited advertisement" because the call did not advertise the commercial availability of any goods or services and Margulis did not receive any subsequent advertisement from P & M. P & M characterizes its call as a survey and asserts "the FCC has specifically provided its opinion that survey calls are allowed by the TCPA." P & M further argues the TCPA exempts calls placed for a commercial purpose if they do not contain an "unsolicited advertisement" and, thus, Margulis' suit is precluded.

47 U.S.C. Section 227(b)(1)(B) provides:

Prohibitions. It shall be unlawful for any person within the United States-to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [FCC] under paragraph (2)(B).

47 U.S.C. Section 227(b)(2)(B) allows the FCC to exempt, subject to such conditions as the FCC prescribes, calls that are not made for a commercial purpose, and calls made for commercial purposes that the Commission determines will not adversely affect the privacy rights to be protected and do not include the transmission of any unsolicited advertisement.

■ P & M's contention that the FCC has specifically exempted survey calls from the TCPA's prohibitions is misleading. Actually, the FCC rejected as unnecessary a proposal to create specific exemptions for organizations such as market research or polling organizations, finding that the exemption for *non-commercial calls* includes calls conducting research, market surveys, political polling or similar activities which do not involve solicitation (emphasis ours). In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7 F.C.C.R. at 8774. Thus, to qualify under this exemption, P & M's call would have to be a noncommercial call. Id. The call here was made, in its own words, "to determine eligibility for a complimentary vacation package[.]" The script indicated that although there was "absolutely no obligation to purchase or join anything," someone from P & M's offices would shortly contact Margulis with an explanation of how she could receive the vacation. Clearly, the call was not made to conduct research or a

market survey; it was made for commercial purposes.

Having determined that P & M's call was made for a commercial purpose, the question then becomes whether the call was one that did not adversely affect the privacy rights to be protected and did not include the transmission of any unsolicited advertisement.

■ Congress identified automated telemarketing calls as a unwarranted intrusion on residential privacy. Moser v. Federal Communications Comm'n, 46 F.3d 970, 972, 974 (9th Cir.), cert. denied, 515 U.S. 1161, 115 S.Ct. 2615, 132. L.Ed.2d 857 (1995). The Congressional findings following 47 U.S.C. Section 227 include the statement that "[e]vidence compiled by Congress indicates that residential telephone subscribers consider automated or prerecorded calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Congressional findings. Act. Dec. 20, 1991, P.L. 102–243, Section 2, 105 Stat. 2394. P & M's prerecorded call to Margulis' residence obviously affects the privacy right Congress sought to protect in drafting the TCPA's restriction.

We next consider whether P & M's call included the transmission of an unsolicited advertisement. 47 U.S.C. Section 227(a)(4) defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods or services which is transmitted to any person without that person's prior express invitation or permission."

■ P & M is correct in its assertion that the FCC exempted those prerecorded or artificial voice message calls made for commercial purposes that do not transmit an unsolicited advertisement. In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 7

F.C.C.R. at 8753. However, we conclude the undisputed script of the prerecorded message here constitutes an unsolicited advertisement. Although P & M tries to characterize its call as a "survey," the fact that the initial prerecorded call was "one step removed from the actual sales pitch" does not mean that the purpose of the call was not ultimately meant to convey information about commercially available services. See Irvine v. Akron Beacon Journal, 147 Ohio App.3d 428, 770 N.E.2d 1105 (9th Dist.2002) (autodialed calls were placed to private residences simply to determine whether telephone number was a working number and to generate a solicitation list; although calls did not contain any sales pitch and no solicitor was on the line when call was placed, the calls constituted telephone solicitations under the TCPA).

Furthermore, we note the FCC amended the rule codifying 47 U.S.C. Section 227's prohibition so that it expressly applies to messages that constitute "telephone solicitations." Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, Part II, 68 Fed.Reg. at 441162. "Telephone solicitation" is "the initiation of a telephone call for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 U.S.C. Section U.S.C.(a)(3). The FCC further determined the application of the prerecorded message rule should not turn on the caller's characterization of the call, but on the purpose of the message. Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, Part II, 68 Fed.Reg. at 44162. The FCC found amending the rule to apply to "telephone solicitations" was consistent with the goals of the TCPA and addressed concerns raised by commenters about purported "free offers." Id.

Significantly, the FCC recently found that prerecorded messages directed to residential telephone subscribers and containing free offers and information about goods and services that are commercially available are prohibited, if not otherwise exempted. Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, Part II, 68 Fed.Reg. 44144, 44162 (July 2003). As an example of such prohibited messages, the FCC stated that a prerecorded message that contains language describing a vacation destination and asks the consumer to call a toll-free number to "learn more" is an "unsolicited advertisement" under the TCPA if sent without the called party's express invitation or permission. Id.

The text here clearly falls within the type of messages the FCC wanted to prohibit in amending 47 U.S.C. Section 227 to include "telephone solicitations"; the call actually describes a vacation destination and contains a purported "free offer."

P & M's second point is denied.

■ In its third point, P & M asserts the trial court erred in finding Margulis did not give express consent to participate in the call by actively responding to the questions contained in the call. We reject this argument. The clear language of the statute prohibits the *initiation* of any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the *prior express consent* of the called party. 47 U.S.C. Section 227(b)(1)(B) (italics added). Margulis' responses to questions placed to her after the call was connected to her residential telephone line does not constitute express consent given prior to the initiation of the call.

P & M's third point is denied.

In its fourth and final point, P & M claims the trial court erred in holding that Margulis could interpret the terms "unsolicited advertisement" and "survey" to al-

low her suit. P & M argues this interpretation creates a constitutional question, is contrary to FCC rulings, and chills P & M's and other speakers' activities. Again, we reject P & M's argument.

Initially, we note the trial court did not hold that Margulis could interpret the terms to allow her suit. The trial court's holding was that the transcript of the call met "the definitions of 'telephone solicitation' and 'unsolicited advertisement' as set forth in the statute."

In its brief, P & M specifically states that it "is not challenging the constitutionality of the TCPA or its regulations, rather the statutory construction of the terms 'survey' and 'unsolicited advertisement' as well as the ability of Marilyn Margulis to interpret these terms contrary to FCC guidance in such a way that her lawsuit 'chills' other speakers." We find our discussion in point two of P & M's contentions regarding the characterization of the call, and the FCC rulings regarding unsolicited advertisements applicable to this argument as well. As noted, the FCC did not specifically exempt survey calls from the TCPA, but rather found that the exemption for non-commercial calls included calls conducting, among other things, market surveys. Not only did we determine the call here was made for commercial purposes, but also that the prerecorded call was an unsolicited advertisement as contemplated by the statute.

Essentially, P & M appears to argue that the TCPA is vague as applied. The Missouri Supreme Court recently considered and rejected a vagueness challenge to the statute. Harjoe v. Herz Fin., 108 S.W.3d 653, 655 (Mo. banc 2003) (plaintiff argued statute was void for vagueness; in rejecting constitutional challenge, court noted it was well established that "if the law is susceptible of any reasonable and practical construction which will support it,

it will be held valid, and ... the courts must endeavor, by every rule of construction to give it effect."). We hold the trial court's application of the TCPA here is valid.

■ As to P & M's contention that the trial court interpreted the TCPA in a manner that infringes upon the First Amendment, we find the reasoning of the Ninth Circuit in *Moser* persuasive. *Moser*, 46 F.3d at 970. In *Moser*, the Ninth Circuit determined that the TCPA's ban on automated, prerecorded calls to residences does not favor a particular viewpoint, Congress has the authority to reduce the volume of intrusive telemarketing calls without completely eliminating the calls, and the TCPA's restrictions leave open many alternative communication channels, including use of taped messages introduced by live speakers, messages to which consumers have consented, and live solicitation calls. Id. at 975. The Ninth Circuit held the provision was content-neutral, Congress had adequately demonstrated that such calls threatened residential privacy, and the ban was narrowly tailored to advance that interest and left open ample alternative channels of communication. Id. at 975. The Ninth Circuit concluded the provision did not violate the First Amendment. Id. Given our holding that the trial court properly found P & M's call fell within the TCPA's prohibition, we further conclude its action did not infringe upon the First Amendment.

P & M's fourth point is denied.

The judgment is affirmed.

Chief Judge SHERRI B. SULLIVAN and KATHIANNE KNAUP CRANE, J., Concur.