952 A.2d 507 (2008)
402 N.J. Super. 1
Gary E. MEYER, Plaintiff-Appellant,
v.
HOWARD S. BIXENHOLTZ CONSTRUCTION, Construction Services Inc., Builder Services Group, Stucco Services, Inc., Defendants-Respondents.
Docket No. A-5152-06T2.
Superior Court of New Jersey, Appellate Division.
Submitted February 25, 2008.
Decided July 25, 2008.
Gary E. Meyer, appellant pro se.
No brief filed on behalf of respondents.
*508 Before Judges STERN, A.A. RODRÍGUEZ and C.S. FISHER.
The opinion of the court was delivered by
STERN, P.J.A.D.
Plaintiff appeals from a judgment of the Special Civil Part, entered May 16, 2007, awarding him $500 in damages under the federal Telephone Consumer Protection Act, 47 U.S.C.A. § 227 ("TCPA"). He contends that the trial judge applied the wrong standard of damages and wrongly entered judgment against only one of the defendants. We remand for further proceedings.
In his complaint, plaintiff sought $5,000 in damages against named entities and corporate defendants for "unsolicited faxes" or facsimile communications. At the hearing he also sought treble damages. The $500 judgment was entered only against Construction Services and Supply, Inc., whereas plaintiff sought damages of $500 (trebled to $1,500) "for each and every violation of the Telephone Consumer Protection Act," and "punitive damages . . . of at least $15,000" against defendants Howard S. Bixenholtz and Stucco Services, Inc., for sending plaintiff unauthorized faxes after he requested that they not be sent.[1]
Plaintiff alleges that "[f]axes were sent from six different companies, all having the same phone number, address and website listed with the exception of one of the faxes." He also asserts that because, with one exception, the offending entities were not in existence, Bixenholtz "cannot hide behind the corporate veil." Plaintiff insists that "the unsolicited faxes transmitted to plaintiff failed to identify in a margin at the top or bottom of each transmitted page or on the first page of the transmission the telephone number of the sender or of such business, other entity, or individual in violation of a section of the TCPA, 47 U.S.C.A. 227(d)(1)(B)," and the implementing regulations. In sum, plaintiff seeks an award of $500 for "each and every violation of the Telephone Consumer Protection Act (TCPA) and treble damages of $1,500" "for each and every violation." He also seeks entry of a judgment with "punitive damages" for "at least $15,000," holding Bixenholtz "jointly and severally liable along with Stucco Services, Inc."
Plaintiff testified he "telephoned Mr. Bixenholtz and asked him . . . please do not fax my machine." Plaintiff asserted defendant continued to send "commercial solicitation for stucco, siding, soffit facie [and] gutters" in the name of "approximately five different defendants, fictitious entities." According to plaintiff, Bixenholtz continued to send the faxes, even after he was served with the complaint, which evidenced "knowing and willful[]" conduct.
Defendant Bixenholtz, a stucco contractor, acknowledged "us[ing] the fax machine to solicit business" from general contractors. He stated he "[took] off the list" people who do not want to receive faxes, and "didn't know that this was illegal in any way." He operated under different names and entities including Stucco Services, Inc., "a current operating company." The faxes in the names of the various entities were dispatched from the same number with the same "header."
After reviewing the statute, the judge acknowledged plaintiff could bring "a private cause of action" in state court. He *509 concluded that because plaintiff could not prove "actual monetary loss," $500 would be the total award for the violation. When plaintiff stated he was entitled to "$500 per fax, it's a separate violation each one, which means it would be a separate suit for each and every fax . . .", the judge ultimately stated:
All right. The federal statute, which I'm reading for the first time, and I'm very uncomfortable making this decision because I would prefer to read the cases that have been decided under the statute.
But I'm not  but because I don't want to prolong this, and because, in the future, I hope that you're never gonna send anymore faxes to this individual, because if you do, that then becomes an intentional violation. I hope you understand that.
MR. BIXENHOLTZ: Yes.
THE COURT: All right. As far as I am concerned, this private right of action allows the plaintiff to bring an action based on a violation of this section.
An action to recover for the actual monetary loss, if that could be proven, but obviously, that's not proven, or to receive $500 in damages for each such violation, whichever is greater, or if the Court finds that the defendant willfully or knowingly violated this section or the regulations, the Court may, it its discretion, increase the amount to treble.
Well, I  I make a finding that the defendant did not willfully or knowingly violate this subsection. My guess is the defendant probably had no idea that this law even existed. And so, I am not gonna treble the damages.
With regard to the violation, again, I'm not finding each fax as a separate violation. I'm finding the sending of the faxes, generally, as a violation.
And I'm going to find that Construction Services, Inc. is the proper defendant, not Howard Bixenholtz, and the individual corporate officer.
And I'm finding that there be a violation of this section. There will be damages of $500 against Construction Services, Inc.
In his testimony defendant stated Construction Service and Supply is "no[] longer in effect."
Plaintiff relies on the provisions of the TCPA embodied in 47 U.S.C.A. §§ 227(b)(1)(C) and 227(b)(3), and 47 U.S.C.A. § 227(d)(1)(B) and the regulations promulgated thereunder. The Act "prohibits unsolicited fax advertisements," "provides for damages in the amount of actual monetary loss or $500 per violation whichever is greater" and "also permits up to treble damages for knowing and willful violations." Universal Underwriters v. Lou Fusz Automotive, 401 F.3d 876, 878 (8th Cir.2005). 47 U.S.C.A. § 227(b)(1)(C) contains a restriction on the use of automated facsimile equipment:
(b) Restrictions on use of automated telephone equipment.
(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States 
. . . .
(C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless 
(i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;
(ii) the sender obtained the number of the telephone facsimile machine through 

*510 (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
(II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution,
except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before the date of enactment of the Junk Fax Prevention Act of 2005 [enacted July 9, 2005] if the sender possessed the facsimile machine number of the recipient before such date of enactment. . . .
Section 227(b)(3) expressly states that a plaintiff may bring suit against a violator of the TCPA in state courts if permitted by the laws of the state:
(3) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State 
(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.
[47 U.S.C.A. § 227(b)(3) (emphasis added).]
The third cited provision, section 227(d)(1)(B), prohibits the sending of anonymous facsimile messages through the imposition of a "heading requirement" on all facsimile messages. It provides:
(d) Technical and procedural standards.
(l) Prohibition. It shall be unlawful for any person within the United States 
. . . .
(B) to use a computer or other electronic device to send any message via a telephone facsimile machine unless such person clearly marks, in a margin at the top or bottom of each transmitted page of the message or on the first page of the transmission, the date and time it is sent and an identification of the business, other entity, or individual sending the message and the telephone number of the sending machine or of such business, other entity, or individual.
[47 U.S.C.A. § 227(d)(1)(B).]
As noted, section 227(b) deals with "restrictions on use of automated telephone equipment," and section 227(d) deals with "technical and procedural standards." Section 227(b)(3) ("private right of action") does not apply to section 227(d). Section 227(c)(5) provides a "private right of action" for violation of section 227(c) ("protection of subscriber privacy rights") which expressly includes a subsection regarding "regulations," see 47 U.S.C.A. § 227(c)(2), which is separate from section 227(b)(2) relating to "regulations" under section 227(b). Significantly, however, the "private right of action" language of § 227(b)(3) has the same critical language as section 227(c)(5), although the latter has some additional language.
In Zelma v. Market U.S.A., 343 N.J.Super. 356, 366-67, 778 A.2d 591 (App.Div. 2001), we held, in the context of section 227(c)(5), "that the Congressional grant of *511 exclusive jurisdiction in state courts to enforce the private right of action created by the TCPA does not require an affirmative act by the Legislature or the adoption of rule by the Supreme Court in order for the Superior Court to exercise subject matter jurisdiction over the TCPA claims filed by plaintiff." Prior to Zelma, the Law Division in Szefczek v. Hillsborough Beacon, 286 N.J.Super. 247, 668 A.2d 1099 (Law Div.1995), which assumed the existence of state court jurisdiction, rejected a constitutional attack on the TCPA, and found that defendant violated two FCC regulations promulgated under the Act, id. at 267-69, 668 A.2d 1099, by "not putting plaintiff's name on the do-not-call list immediately, and by failing to honor her request even after it had done so" and by not "properly train[ing] its employees in the use of the do-not-call list." Id. at 267-68, 668 A.2d 1099. With respect to damages, the court "award[ed] damages to plaintiff in the amount of $2,000, $500 for each violation occurring after August 5, 1993," id. at 269, 668 A.2d 1099, the date defendant asserted that plaintiff made "her first do-not-call request." Id. at 267, 668 A.2d 1099. Section 227(c)(5)(B) clearly permitted "an action to recover for actual monetary loss from such violation, or to receive up to $500 in damages for each such violation, whichever is greater." However, the court rejected a claim for treble damages because it could not find "defendant's actions were `knowing' in the sense of [section (c)(5)'s requirement] which contemplates that defendant affirmatively knew at the time each telemarket call to plaintiff was made, that such call was a knowing violation of the statute." Id. at 269, 668 A.2d 1099.
47 U.S.C.A. § 227(b)(3) has language identical to that embodied in section (c)(5) discussed in Szefczek, and other courts have now held that section (c)(5) provides for damages based on a "per call" (not for each of multiple regulatory violations per call) basis. See also Charvat v. GVN Michigan, Inc., 531 F.Supp.2d 922, 927-28 (S.D.Ohio 2008); Worsham v. Nationwide Ins. Co., 138 Md.App. 487, 500-01, 772 A.2d 868, 876-77 (2001).
Accordingly, we agree with plaintiff that his state court private cause of action may go forward, and vacate the judgment and remand for a new trial at which the judge shall determine the number of unsolicited faxes, if any, were sent in violation of the TCPA and the amount of damages to be assessed against Stucco Services, Inc., including whether treble damages are warranted. The court shall also assess any personal liability of defendant Bixenholtz personally.
Reversed and remanded.
NOTES
[1] The record reflects that plaintiff's motion to add Bixenholtz individually as a defendant was granted. However, plaintiff's statement of facts contains no citations to the record, and we refer to the facts only as developed at the hearing.