2009 OK 37

MLC MORTGAGE CORPORATION, an Oklahoma corporation, on behalf of Themselves and All Others Similarly Situated, Plaintiff/Appellant,

v.

SUN AMERICA MORTGAGE COMPANY, an Arizona corporation, Defendant/Appellee.

and

Adams & Associates, P.C., on Behalf of Themselves and All Others Similarly Situated, Plaintiffs/Appellants,

v.

Helena's Adventures in Travel, Inc., an Oklahoma corporation, Defendant/Appellee.

Nos. 105,448, 105,732.

Supreme Court of Oklahoma.

May 26, 2009.

Joe Brett Reynolds, Joe Brett Reynolds, P.C., Oklahoma City, OK, for Plaintiffs/Appellants, MLC Mortgage Corporation and Adams & Associates, P.C.

Mack J. Morgan III, Charles Goodwin, Crow & Dunleavy, Oklahoma City, OK, and David A. Selden, Jodi Hill, Ballard, Spahr, Andrews & Ingersoll, LLP, Phoenix, AZ, for Defendant/Appellee, Sun America Mortgage Co.

Kris Ted Ledford, Patrick H. Kernan, Kernan & Ledford, Tulsa, OK, and Maurice G. Woods, II, McAtee & Woods, P.C., Oklahoma City, OK, for Defendant/Appellee, Helena's Adventures in Travel, Inc.

WATT, J.:

¶ 1 The above styled and numbered causes are consolidated for disposition by a single opinion.[1] We granted certiorari to consider an issue of first impression: whether Oklahoma courts have jurisdiction over a private party's suit alleging violation of the Telecommunications Consumer Protection Act (TCPA), 47 U.S.C. § 227 (2005).[2]

---

**1.** Rule 1.27(d), Supreme Court Rules, 12 O.S. Supp.2008 providing in pertinent part:

"... The appellate court has the discretion *sua sponte,* or upon motion of a party, to consider any appeals including one or more appeals

governed by Rule 1.36 as companion or consolidated appeals." [Emphasis in original.]
*In re Ano,* 2004 OK 33, ¶ 2, 91 P.3d 646; *State v. Torres,* 2004 OK 12, fn. 19, 87 P.3d 572.

**2.** Title 47 U.S.C. § 227(b) (2005) providing in pertinent part:

¶2 We join the almost unanimous pronouncements of extant federal and state courts having decided the issue [3] and determine that private parties may pursue violation of the TCPA in Oklahoma courts. Our holding is supported by provisions of the Oklahoma Constitution: 1) art. 2, § 6 guaranteeing Oklahoma citizens open access to the judicial system; [4] and 2) art. 7, § 7(a) allocating unlimited original jurisdiction of all justiciable matters not otherwise restricted to the district courts.[5]

## RELEVANT FACTS

¶3 Suit was filed on behalf of the consumers and all others similarly situated [6] in both

"(1) Prohibitions
It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
. . . (C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . .
(3) Private Right of Action
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."
In *Lampkin v. GGH, Inc.*, 2006 OK CIV APP 131, ¶1, 146 P.3d 847, the Court of Civil Appeals addressed a single question: whether the trial court abused its discretion when it refused to certify a TCPA suit as a class action. *Lampkin* did not present the question of whether a private party may pursue violations of the TCPA. Opinions released by the Court of Civil Appeals are persuasive only and lack precedential effect. Rule 1.200, Supreme Court Rules, 12 O.S.2001, Ch. 15, App. 1; 20 O.S.2001 30.5 and 30.14. *McQueen, Rains & Tresch, LLP v. Citgo Petroleum Corp.*, 2008 OK 66, ¶23, 195 P.3d 35.

3.  *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd.*, see note 15, infra; *International Science & Technology Inst., Inc. v. Inacom Communications, Inc.*, see note 15, infra; *Adler v. Vision Lab Telecommunications, Inc.*, see note 15, infra; *Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, LP*, see note 15, infra; *Portuguese American Leadership Council v. Investors' Alert, Inc.*, see note 15, infra; *Edwards v. Emperor's Garden Restaurant*, see note 15, infra; *Edwards v. Direct Access, LLC*, see note 15; infra; *Carnett's, Inc. v. Hammond*, see note 15, infra; *Mulhern v. MacLeod*, see note 15, infra; *R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc.*, see note 15, infra; *Reynolds v. Diamond Foods & Poultry, Inc.*, see note 15, infra; *First Capital Mortgage Corp. v. Union Federal Bank of Indianapolis*, see note 15, infra; *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.*, see note 15, infra; *Reichenbach v. Chung Holdings, LLC*, see note 15, infra; *Lary v. Flasch Business Consulting*, see note 15, infra; *Condon v. Office Depot, Inc.*, see note 15, infra; *Zelma v. Market U.S.A.*, see note 15, infra; *Worsham v. Nationwide Ins. Co.*, see note 15, infra; *Hooters of Augusta, Inc. v. Nicholson*, see note 15, infra; *Zelma v. Total Remodeling, Inc.*, see note 15, infra; *Schulman v. Chase Manhattan Bank*, see note 15, infra; *Kaplan v. Democrat & Chronicle*, see note 15, infra; *Kaplan v. First City Mortgage*, see note 15, infra. See also, *Terra Nova Ins. Co. v. Fray–Witzer*, note 15, infra; *Valley Forge Ins. Co. v. Swiderski Electronics, Inc.*, note 15, infra; *Harjoe v. Herz Financial*, note 15, infra; *Charvat v. Dispatch Consumer Servs., Inc.*, see note 15, infra; *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, note 15, infra; *Boehm, Kurtz & Lowry v. Interstate Ins. Servs. Agency, Inc.*, note 15, infra; *Schneider v. Susquehanna Radio Corp.*, note 15, infra; *Kaufman v. ACS Sys., Inc.*, note 15, infra; *Margulis v. P & M Consulting, Inc.*, note 15, infra; *Core Funding Group, LLC v. Young*, note 15, infra; *Szefczek. v. Hillsborough Beacon*, note 15, infra; Phelps, J.D., "Validity Construction & Application of Telephone Consumer Protection Act (47 U.S.C.A. § 227)", note 15, infra.

4.  The Okla. Const. art. 2, § 7 providing:
    "The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

5.  The Okla. Const. art. 7, § 7(a) providing in pertinent part:
    ". . . The District Court shall have unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article . . ."
    See also, *Reeds v. Walker*, 2006 OK 43, ¶11, 157 P.3d 100; *Lee v. Hester*, 1982 OK 30, ¶6, 642 P.2d 243; *State ex rel. Southwestern Bell Telephone Co. v. Brown*, 1974 OK 19, ¶21, 519 P.2d 491.

6.  We are not presented with the propriety of class certification. Nevertheless, we note that

causes in an attempt by the private parties to recover damages under the TCPA based on the receipt of allegedly unsolicited telephone facsimile advertisements (faxes). The solicitors argued that because the Oklahoma Legislature had not specifically provided for such a cause of action, no private suit could be maintained. They also asserted that any faxed documents received by the private parties were not "unsolicited" within the meaning of the TCPA.[7] In both suits, the advertisers moved for summary judgment arguing that the district court lacked jurisdiction to proceed in the causes. The motions were granted; and appeals were filed in 2008.

¶ 4 On December 31st of the same year, the Court of Civil Appeals issued two opinions, identical in their reasoning. The appellate court reversed the trial court and remanded the causes. It determined that a private cause of action could be maintained in Oklahoma courts and that remand was necessary for the determination of material facts concerning circumstances surrounding the transmission of the faxed materials. Petitions for certiorari were filed on January 20, 2009. On March 31, 2009, the Court granted certiorari in both causes.

the Court of Civil Appeals found certification appropriate in *Lampkin v. GGH, Inc.*, see note 2, supra. See generally, Buckman, J.D., "Propriety of Class Actions Under Telephone Consumer Protection Act, 47 U.S.C.A. § 227", 30 A.L.R.Fed.2d 537 (2008).

7. Title 47 U.S.C. § 227(a)(5) (2005) providing:
   "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."

8. *Szefczek v. Hillsborough Beacon*, see note 15, infra; *Portuguese American Leadership Council of The United States, Inc. v. Investors' Alert, Inc.*, see note 15, infra.

9. *Weber v. United States Sterling Securities, Inc.*, 282 Conn. 722, 727, 924 A.2d 816 (2007).

10. Title 47 U.S.C. 227(b), note 2, supra. Oklahoma's Attorney General may also enforce provisions of the TCPA in federal court. Title 47 U.S.C. § 227(f)(1) and (2) providing in pertinent part:
    "Actions by states
    (1) Authority of the States

### History and Purpose of the Telephone Consumer Protection Act (TCPA)

¶ 5 In 1991, the United States Congress conducted hearings on several bills related to the regulation of telemarketing[8] in response to consumer complaints regarding the growing number of unsolicited telemarketing calls and fax advertisements.[9] Relevant to our consideration here is the language of the TCPA prohibiting the use of telephone facsimile machines, computers, or other devices to send unsolicited advertisements to a fax machine. Specifically at issue is the portion of the TCPA creating a private right of action[10] for anyone receiving an unsolicited facsimile advertisement and allowing the recovery of $500 for each violation.[11] The purpose of the provision is to protect fax machine owners from unsolicited advertisements.[12]

### *De Novo* Standard of Review.

■ ¶ 6 The trial court granted summary judgment based on a legal determination that the private parties could not proceed on a cause of action for violation of the TCPA. Jurisdictional issues present questions of law.[13] Therefore, our review is *de novo*.[14]

(1) Whenever the attorney general of a State ... has reason to believe that any person has engaged or is engaging in a pattern or practice of telephone calls or other transmissions to residents of that State in violation of this section or the regulations prescribed under this section, the State may bring a civil action on behalf of its residents to enjoin such calls ... (2) Exclusive jurisdiction in Federal courts The district courts of the United States, the United States courts of any territory, and the District Court of the United States for the District of Columbia shall have exclusive jurisdiction over all civil actions brought under this subsection...."

11. Title 47 U.S.C. § 227(b)(B), see note 3, supra.

12. *R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc.*, see note 15, infra; *Terra Nova Ins. Co. v. Fray–Witzer*, see note 15, infra.

13. *Reeds v. Walker*, see note 5, infra.

14. *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶ 11, 160 P.3d 959; *Pickens v. Tulsa Metropolitan Ministry*, 1997 OK 152, ¶ 7, 951 P.2d 1079. On remand, if the trial court is presented with a summary judgment motion involving the

**¶7 a. Private Parties may Pursue Violations of the Telecommunications Consumer Protection Act (TCPA), 47 U.S.C. § 227 (2005), in Oklahoma Courts.**

¶8 The language relating to the consumers' private right of action is found in § 227(b)(3) of title 47 of the United States Code providing in pertinent part:

"A person or entity may, *if otherwise permitted by the laws or rules of court of a State,* bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, or

(C) both such actions...." [Emphasis provided.]

The issue here is whether the phrase, "if otherwise permitted by the laws or rules of court of a State," allows consumers to bring a private right of action in Oklahoma courts for violation of the federal statutory provision.

■ ¶9 The solicitors contend that the language in question requires the Oklahoma Legislature to affirmatively enable courts of this state to hear private claims arising under the TCPA. Because the Legislature has not passed a statutory provision specifically allowing private parties to file suit against violators of the TCPA, they argue that such actions may not be heard in our courts. The private parties assert that there is no need for legislative action before they may proceed to recover the statutorily provided recovery. We agree that legislative intervention is not a condition precedent to consumers recovering for violations of the TCPA in Oklahoma courts.

**¶10 1) The Majority Position: Private Parties may proceed in State Courts without Legislative Intervention.**

■ ¶11 The overwhelming majority of courts considering the issue of whether private parties may sue for TCPA violations in state court have determined that citizens should be allowed to proceed.[15] In settling

---

factual argument of whether faxes were sent or, if sent, whether they were unsolicited, all inferences and conclusions to be drawn from the underlying facts contained in the record are to be considered in the light most favorable to the party opposing the motion. *Gaines v. Comanche County Medical Hosp.,* 2006 OK 39, ¶4, 143 P.3d 203, 24 A.L.R.6th 931; *Mitchell v. Cox,* 1997 OK 139, ¶7, 948 P.2d 317. Summary judgment is improper if, under the evidentiary materials, reasonable individuals could reach different factual conclusions. *Gaines v. Comanche County Medical Hosp.,* this note, supra; *Barnthouse v. City of Edmond,* 2003 OK 42, ¶36, 73 P.3d 840, *cert. denied,* 540 U.S. 981, 124 S.Ct. 464, 157 L.Ed.2d 371 (2003).

**15.** *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd.,* 156 F.3d 432, 435 (2nd Cir.1998); *International Science & Technology Inst., Inc. v. Inacom Communications, Inc.,* 106 F.3d 1146, 1158 (4th Cir.1997); *Adler v. Vision Lab Telecommunications, Inc.,* 393 F.Supp.2d 35, 38 (D.D.C.2005); *Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, L.P.,* 329 F.Supp.2d 789, 802 (M.D.La.2004); *Portuguese American Leadership Council v. Investors' Alert, Inc.,* 956 A.2d 671, 679 (D.C.2008); *Edwards v. Emperor's Garden Restaurant,* 122 Nev. 317, 130 P.3d 1280 (2006), *cert. denied,* 549 U.S. 977, 127 S.Ct. 438 166

L.Ed.2d 311 (2006); *Edwards v. Direct Access, LLC,* 121 Nev. 929, 124 P.3d 1158 (2005) [Abrogated on other grounds.]; *Carnett's, Inc. v. Hammond,* 279 Ga. 125–26, 610 S.E.2d 529 (2005); *Mulhern v. MacLeod,* 441 Mass. 754–55, 808 N.E.2d 778 (2004); *R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc.,* 382 Md. 689, 719, 857 A.2d 1 (2004); *Reynolds v. Diamond Foods & Poultry, Inc.* 79 S.W.3d 907, 908–910 (Mo.2002); *First Capital Mortgage Corp. v. Union Federal Bank of Indianapolis,* 374 Ill.App.3d 739, 313 Ill.Dec. 324, 872 N.E.2d 84, 87 (2007); *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.,* 121 P.3d 350, 354 (Colo.App.2005); *Reichenbach v. Chung Holdings, LLC,* 2004 Ohio 5899, ¶43, 159 Ohio App.3d 79, 823 N.E.2d 29; *Lary v. Flasch Business Consulting,* 878 So.2d 1158, 1162 (Ala.Civ.App.2003); *Condon v. Office Depot, Inc.,* 855 So.2d 644 (Fla.App.2003); *Zelma v. Market U.S.A.,* 343 N.J.Super. 356, 778 A.2d 591, 598 (2001); *Worsham v. Nationwide Ins. Co.,* 138 Md.App. 487, 497, 772 A.2d 868 (2001); *Hooters of Augusta, Inc. v. Nicholson,* 245 Ga.App. 363, 537 S.E.2d 468 (2000); *Zelma v. Total Remodeling, Inc.,* 334 N.J.Super. 140, 143, 756 A.2d 1091 (2000); *Schulman v. Chase Manhattan Bank,* 268 A.D.2d 174, 710 N.Y.S.2d 368, 372 (2000); *Kaplan v. Democrat & Chronicle,* 266 A.D.2d 848, 698 N.Y.S.2d 799 (4th Dept. 1999); *Kaplan v. First City Mortgage,* 183 Misc.2d 24, 701 N.Y.S.2d 859, 862 (1999). See

the issue, extant federal and state courts have tended to apply one of three theories.[16] Each of the theories focuses on an attempt to interpret the facially permissive language [17] of the federal statute.

¶ 12 The "acknowledgment" approach is grounded in the Supremacy Clause of the United States Constitution.[18] Courts adhering to this theory construe the phrase "if otherwise permitted" as a recognition by Congress that states have the right to structure their own court systems and that state courts are not obligated to change their procedural rules to accommodate TCPA claims.[19] Under this view, no state can refuse to entertain a private TCPA action, but a state is not compelled to adopt special procedural rules for such actions.[20] "Acknowledgment" states require no enabling legislation for parties to assert private TCPA claims.[21]

16. Some courts allow private parties to proceed without specifically stating the grounds upon which private suits may proceed. See, *Reynolds v. Diamond Foods & Poultry, Inc.*, note 15, supra; *Terra Nova Ins. Co. v. Fray–Witzer*, see note 15, supra; *Stern v. Bluestone*, 47 A.D.3d 576, 579, 850 N.Y.S.2d 90 (2008); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, note 15, supra; *Charvat v. Dispatch Consumer Servs., Inc.*, see note 15, supra; *Reichenbach v. Chung Holdings, LLC*, note 15, supra; *Margulis v. P & M Consulting*, note 15, supra; *Szefczek v. Hillsborough Beacon*, note 15, supra. Others determine that a state may not decline to exercise jurisdiction over the private right of action absent an excuse based on its own neutral rules of judicial administration. See, *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.*, see note 15, supra; *Schulman v. Chase Manhattan Bank*, note 15, supra.

17. The term "may" is ordinarily construed as permissive while "shall" is commonly considered to be mandatory. See, *Osprey LLC v. Kelly–Moore Paint Co., Inc.*, 1999 OK 50 ¶ 14, 984 P.2d 194; *Shea v. Shea*, 1975 OK 90, ¶ 10, 537 P.2d 417.

also, *Terra Nova Ins. Co. v. Fray–Witzer*, 449 Mass. 406, 869 N.E.2d 565, 575 (2007); *Valley Forge Ins. Co. v. Swiderski Electronics, Inc.*, 223 Ill.2d 352, 364, 307 Ill.Dec. 653, 860 N.E.2d 307 (2006); *Harjoe v. Herz Financial*, 108 S.W.3d 653 (Mo.2003); *Charvat v. Dispatch Consumer Servs., Inc.*, 2002 Ohio 2838, ¶ 19, 95 Ohio St.3d 505, 769 N.E.2d 829; *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. 94, ¶ 28, 50 P.3d 844 (2002); *Boehm, Kurtz & Lowry v. Interstate Ins. Servs. Agency, Inc.*, 2008 Ohio 5761, ¶ 8, 179 Ohio App.3d 147, 900 N.E.2d 1075 *Schneider v. Susquehanna Radio Corp.*, 260 Ga.App. 296, 581 S.E.2d 603, 608 (2003); *Kaufman v. ACS Sys., Inc.*, 110 Cal.App.4th 886, 898, 2 Cal.Rptr.3d 296 (2003); *Margulis v. P & M Consulting, Inc.*, 121 S.W.3d 246, 249 (Mo.App. 2003); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App.2003); *Szefczek v. Hillsborough Beacon*, 286 N.J.Super. 247, 668 A.2d 1099 (1995); Phelps, J.D., "Validity Construction & Application of Telephone Consumer Protection Act (47 U.S.C.A. § 227)", 132 A.L.R. Fed. 625 (1996).

18. The United States Const. art. VI, cl. 2 providing in pertinent part:

"This Constitution, and the Laws of the United States ... shall be the supreme Law of the Land; and the Judges in Every State shall be bound thereby...."

Oklahoma recognizes the supremacy of the United States Constitution. Okla. Const. art. 1, § 1 providing:

"The State of Oklahoma is an inseparable part of the Federal Union, and the Constitution of the United States is the supreme law of the land."

See, *Portuguese American Leadership Council of The United States, Inc. v. Investors' Alert, Inc.*, note 15, supra; *Condon v. Office Depot, Inc.*, note 15, supra; *Mulhern v. MacLeod*, note 15, supra; *First Capital Mortgage Corp. v. Union Federal Bank of Indianapolis*, see note 15, supra.

19. *Portuguese American Leadership Council of The United States, Inc. v. Investors' Alert, Inc.*, see note 15, supra; *R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc.*, see note 15, supra; *Accounting Outsourcing, LLC. v. Verizon Wireless Pers. Communications, L.P.*, see note 15, supra; *Condon v. Office Depot, Inc.*, see note 15, supra; *Schulman v. Chase Manhattan Bank*, see note 15, supra. See, *International Science & Technology Inst. v. Inacom Communications, Inc.*, note 15, supra.

20. *Howlett v. Rose*, 496 U.S. 356, 367, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990); *International Science & Technology Inst., Inc. v. Inacom Communications, Inc.*, see note 15, supra; *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.*, see note 15, supra. See also, *Schulman v. Chase Manhattan Bank*, note 15, supra.

21. *Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, L.P.*, see note 15, supra; *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.*, see note 15, supra; *Edwards v. Direct Access, LLC*, see note 15, supra; *Meyer v. Howard S. Bixenholtz Constr.*, 402 N.J.Super. 1, 952 A.2d 507, 511 (2008); *First Capital Mortgage Corp. v. Union Federal Bank of Indianapolis*, see note 15, supra; *Kaufman v. ACS Systems, Inc.*, see note 15, supra; *R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc.*, see note 15, supra; *Reynolds v. Diamond Foods & Poultry,*

¶ 13 The "opt out" interpretation construes the TCPA to immediately authorize private rights of action in state court without the necessity of affirmative state action. In order that a state's courts not entertain such claims, there must be affirmative action through legislation or court rule specifically refusing to entertain a private TCPA claim.[22] Absent such steps to opt out of private enforcement actions, concerns arise as to whether failure to allow private parties to pursue TCPA recoveries refuses to recognize the supremacy of the Federal Constitution.[23]

¶ 14 The third standard, and the one the solicitors urge us to adopt, looks at the language of the TCPA and concludes that Congress intended to deprive state courts of jurisdiction over private TCPA actions. Under this approach, the language "otherwise permitted" is said to indicate that the TCPA does not create an immediately enforceable right.[24] Under this theory, such actions may be maintained in state court only after affirmative steps are taken to "opt in," [25] either by legislation or court rule, to exercise jurisdiction over such actions. This approach has been criticized as misconstruing the federal pronouncements on the TCPA.[26] It also raises Tenth Amendment concerns if construed as a federal mandate for states to enact legislation.[27]

¶ 15 In contrast to the reasoning of the overwhelming majority of jurisdictions, only one state has unequivocally espoused the "opt in" theory. In *The Chair King, Inc. v. GTE Mobilnet of Houston, Inc.*, 184 S.W.3d 707, 718 (Tex.2006), the Texas Supreme Court held that the TCPA did not create an immediately enforceable private right of action for unsolicited faxes and that such a cause of action would not be recognized in Texas courts until the Legislature amended the state's business and commerce code to provide for such a suit by private parties. Such a provision was added by Texas' 80th Legislature in 2007 with an effective date of April 1st of this year.[28] Therefore, **there are now no states who have considered the issue of enforcement under the TCPA which do not allow such actions in their respective courts.**

Inc., see note 15, supra; *Zelma v. Market U.S.A.*, see note 15, supra.

22. *Edwards v. Direct Access, LLC*, see note 15, supra; *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.*, see note 15, supra; *Condon v. Office Depot, Inc.*, see note 15, supra; *Lary v. Flasch Bus. Consulting*, see note 15, supra; *Condon v. Office Depot, Inc.*, see note 15, supra; *Kaplan v. First City Mortgage*, see note 15, supra; *Kaufman v. ACS Sys. Inc.*, see note 15, supra; *Worsham v. Nationwide Ins. Co.*, see note 15, supra; *Kaplan v. Democrat & Chronicle*, see note 15, supra; *Reynolds v. Diamond Foods & Poultry, Inc.*, see note 15, supra; *Zelma v. Market U.S.A.*, see note 15, supra; *Aronson v. Fax.com, Inc.*, 51 Pa. D. & C.4th 421, 2001 WL 1202609,; *Zelma v. Total Remodeling, Inc.*, see note 15, supra; *Hooters of Augusta, Inc. v. Nicholson*, see note 15, supra; *Schulman v. Chase Manhattan Bank*, see note 15, supra.

23. See, *International Science & Technology Inst., Inc. v. Inacom Communications, Inc.*, note 15, supra; *Mulhern v. MacLeod*, note 15, supra; *Reynolds v. Diamond Foods & Poultry, Inc.*, note 15, supra; *Worsham v. Nationwide Ins. Co.*, note 15, supra; *Zelma v. Total Remodeling, Inc.*, note 15, supra.

24. *The Chair King, Inc. v. GTE Mobilnet of Houston, Inc.*, 184 S.W.3d 707 (Tex.2006).

25. See, *Reynolds v. Diamond Foods & Poultry, Inc.*, see note 15, supra.

26. *Accounting Outsourcing, LLC v. Verizon Wireless Pers. Communications, L.P.*, see note 15, supra.

27. United States Const. amend. X providing:
"**Reserved powers to states**
The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."
*Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.*, see note 15, supra.

28. Title 10 V.T.C.A. § 304.258 (2009) providing:
"(a) A person may bring a civil action based on a violation of subchapter c:
(1) for damages in the amount equal to the greater of:
(A) the person's actual monetary loss from the violation; or
(B) $500 for each violation;
(2) to enjoin the violation; or
(3) for both damages and an injunction.
(b) If the court finds that the defendant wilfully or knowingly violated Subchapter C, the court may increase the amount of the damages awarded to an amount equal to not more than three times the amount of the damages awarded under Subsection (a)(1) . . . ."

¶ 16 2) Oklahoma's jurisprudence allowing the enforcement of federal rights in state courts along with constitutional provisions requiring open access to the court system and defining the system's jurisdictional sweep aligns us with those jurisdictions adopting the "acknowledgment" approach to TCPA claims.[29]

¶ 17 Our jurisprudence recognizes that the Supremacy Clause of the United States Constitution [30] does not create jurisdiction in state appellate courts where none exists otherwise.[31] Nevertheless, Oklahoma courts have inherent authority to adjudicate claims arising under the laws of the United States.[32] Furthermore, federal claims analogous to those outlined in state law are enforceable in Oklahoma courts.[33] In the case of TCPA violations, the Oklahoma Legislature has specifically provided for the enforcement of an "analogous state law claim" by the passage of a statutory provision making it a crime to transmit electronic or telephonic transmissions to facsimile machines for the purpose of commercial solicitation.[34]

¶ 18 The judiciary is the independent department of government charged with the responsibility of protecting constitutional rights.[35] The access to courts provision of the Oklahoma Constitution guarantees that our courts will be open to all without prejudice "for speedy and certain remedy afforded for every wrong and for very injury to person, property, or reputation." [36] In 1967, the voters of Oklahoma adopted a Legislative Referendum relating to the jurisdiction of state courts.[37] The adoption of this referendum gave the district courts "unlimited original jurisdiction of all justiciable matters." [38] The Court analyzed the impact of this provision in 1982 in *Lee v. Hester*, 1982 OK 30, 642 P.2d 243. In so doing, the *Lee* Court acknowledged that **the sweep of the district court's power could no longer be said to hinge on the presence of some specifically tailored legislative grant.**[39]

29. In reaching our decision today, we consider extant federal and state precedent. Nevertheless, our determination rests squarely within Oklahoma law which provides bona fide, separate, adequate, and independent grounds for our decision. *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983).

30. The United States Const. art. VI, cl. 2, see note 18, supra.

31. *McLin v. Trimble*, 1990 OK 74, ¶ 18, 795 P.2d 1035.

32. *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 2306, 101 L.Ed.2d 123 (1988); *Reeds v. Walker*, see note 5, supra; *McLin v. Trimble*, see note 31, supra.

33. *Willbourn v. City of Tulsa*, 1986 OK 44, ¶ 6, 721 P.2d 803. See also, *McLin v. Trimble*, note 31, supra.

34. Title 21 O.S.2001 1863 providing:
"A. A person shall not intentionally make an electronic or telephonic transmission to a facsimile device located in this state by means of any connection with a telephone network for the purpose of transmitting a commercial solicitation, as defined by Section 1 of this act. Each commercial solicitation prohibited by this act shall be a separate violation.
B. Any person violating the provisions of this act shall upon conviction be guilty of a misdemeanor punishable by a fine of not less than Five Hundred Dollars ($500.00) or more than One Thousand Dollars ($1,000.00) for each separate violation.
C. A person violating the provisions of this act shall be deemed to have committed the violation either at the place where the electronic or telephonic transmission is made or at the place where the transmission is received."

35. *Zeier v. Zimmer, Inc.*, 2006 OK 98, ¶ 12, 152 P.3d 861; *Wyatt–Doyle & Butler Engineers Inc. v. City of Eufaula*, 2000 OK 74, ¶ 8, 13 P.3d 474.

36. The Okla. Const. art. 2, § 6 providing:
"The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation, and right and justice shall be administered without sale, denial, delay or prejudice."

37. Legislative Referendum, No 164, State Question No. 448, adopted at election held July 11, 1967.

38. The Okla. Const. art. 7, § 7(a) providing in pertinent part:
"... The District Court shall have unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article, and such powers of review of administrative action as may be provided by statute...."

39. See also, *Reeds v. Walker*, note 5, supra; *State ex rel. Southwestern Bell Telephone Co. v. Brown*, note 5, supra.

¶ 19 The "acknowledgment" approach to TCPA claims requires no legislative intervention before private parties may proceed in state courts to protect themselves from unsolicited facsimile transmission. The Oklahoma Legislature has previously recognized that an analogous state-law claim may be criminally prosecuted. Oklahoma's Constitution recognizes federal supremacy while guaranteeing Oklahoma citizens the right to open access to the judicial system with a jurisdictional sweep that does not depend on legislative grant. We join the almost unanimous pronouncements of extant federal and state courts having decided the issue[40] and determine that private parties may pursue violation of the TCPA in Oklahoma courts.

## CONCLUSION

¶ 20 We express no opinion as to whether the private parties will succeed in their attempt to collect damages from the solicitors for violation of the TCPA. There remain questions of material fact to be resolved on the issue of whether the faxes sent by the solicitors were either with the permission or at the request of the private parties. Therefore, we hold only that private parties may pursue violation of the TCPA in Oklahoma courts.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS' OPIN-** ION VACATED; TRIAL COURT REVERSED AND CAUSE REMANDED.

EDMONDSON, C.J., OPALA, KAUGER, WATT, WINCHESTER, COLBERT, REIF, JJ. concur.

TAYLOR, V.C.J., HARGRAVE, J. dissent.

---

**40.** *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd.,* see note 15, supra; *International Science & Technology Inst., Inc. v. Inacom Communications, Inc.,* see note 15, supra; *Adler v. Vision Lab Telecommunications, Inc.,* see note 15, supra; *Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, LP,* see note 15, supra; *Portuguese American Leadership Council v. Investors' Alert, Inc.,* see note 15, supra; *Edwards v. Emperor's Garden Restaurant,* see note 15, supra; *Edwards v. Direct Access, LLC,* see note 15; supra; *Carnett's, Inc. v. Hammond,* see note 15, supra; *Mulhern v. MacLeod,* see note 15, supra; *R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc.,* see note 15, supra; *Reynolds v. Diamond Foods & Poultry, Inc.,* see note 15, supra; *First Capital Mortgage Corp. v. Union Federal Bank of Indianapolis,* see note 15, supra; *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.,* see note 15, supra; *Reichenbach v. Chung Holdings, LLC,* see note 15, supra; *Lary v. Flasch Business Consulting,* see note 15, supra; *Condon v. Office Depot, Inc.,* see note 15, supra; *Zelma v. Market U.S.A.,* see note 15, supra; *Worsham v. Nationwide Ins. Co.,* see note 15, supra; *Hooters of Augusta, Inc. v. Nicholson,* see note 15, supra; *Zelma v. Total Remodeling, Inc.,* see note 15, supra; *Schulman v. Chase Manhattan Bank,* see note 15, supra; *Kaplan v. Democrat & Chronicle,* see note 15, supra; *Kaplan v. First City Mortgage,* see note 15, supra. See also, *Terra Nova Ins. Co. v. Fray–Witzer,* note 15, supra; *Valley Forge Ins. Co. v. Swiderski Electronics, Inc.,* note 15, supra; *Harjoe v. Herz Financial,* note 15, supra; *Charvat v. Dispatch Consumer Servs., Inc.,* see note 15, supra; *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* note 15, supra; *Boehm, Kurtz & Lowry v. Interstate Ins. Agency, Inc.,* note 15, supra; *Schneider v. Susquehanna Radio Corp.,* note 15, supra; *Kaufman v. ACS Sys., Inc.,* note 15, supra; *Margulis v. P & M Consulting, Inc.,* note 15, supra; *Core Funding Group, LLC v. Young,* note 15, supra; *Szefczek. v. Hillsborough Beacon,* note 15, supra; Phelps, J.D., "Validity Construction & Application of Telephone Consumer Protection Act (47 U.S.C.A. § 227)", note 15, supra.